OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified to reverse the dismissal of the complaint against defendant Louis Paratore and as to him to remit to the Appellate Division to consider the matter in the exercise of the discretion granted by CPLR 2005 and, as so modified, the order should be affirmed.
With respect to the medical malpractice defendants, Vassar Brothers Hospital and Dr. Isidro Ferrando, plaintiff’s failure to file an affidavit of merits mandates affirmance of the Appellate Division’s dismissal for failure timely to serve and file a note of issue (Amodeo v Radler, 59 NY2d 1001; Sortino v Fisher, 20 AD2d 25, 31-32).
The same is not true, however, of the negligence cause of action against defendant Louis Paratore. The complaint, *853 verified by plaintiff on the basis of personal knowledge and which detailed Paratore’s acts of negligence, was a sufficient affidavit of merits (CPLR 105, subd [s]; see Bethlehem Steel Corp. v Solow, 51 NY2d 870, 872). Accordingly, the Appellate Division erred in holding, as a matter of law,* that in denying defendant Paratore’s CPLR 3216 motion to dismiss for failure to comply with the 3216 demand, Special Term abused its discretion (Brady v Reynolds Printasign Co., 59 NY2d 979; Miskiewicz v Hartley Rest. Corp., 58 NY2d 963).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order modified, with costs to plaintiff against defendant Paratore, and case remitted to the Appellate Division, Second Department, for further proceedings as to defendant Paratore in accordance with the memorandum herein and, as so modified, affirmed, with costs to defendants Vassar Brothers Hospital and Ferrando against plaintiff.

 Although the Appellate Division memorandum stated that the reversal was an exercise of discretion, its order of reversal recited that the decision was on the law. We resolve the inconsistency on the basis of the order and of the fact that its memorandum stated that “it was an abuse of discretion” to deny defendants’ motions, which is a ruling on the law (Barasch v Micucci, 49 NY2d 594, 598).