■ HARRY GROVES, Respondent, v CITY OF NEWBURGH et al., Appellants.—In an action to recover damages, *inter alia,* for assault and false arrest, the defendants appeal from an order of the Supreme Court, Orange County (Donovan, J.), dated November 25, 1985, which denied their motion to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is reversed, on the law, with costs,

the motion is granted, and the action is dismissed, with leave to the plaintiff, if he be so advised, to move to vacate the dismissal of the action upon proper papers, including his affidavit of merit.

The examinations before trial of all of the parties have been conducted in the instant action. Additionally, the plaintiff commenced a separate action against a corporation for damages arising out of the same incident, with the intention of moving to consolidate the two actions for trial upon the completion of discovery. However, the plaintiff was not at liberty to simply ignore the defendants' 90-day demand to serve a note of issue in the instant action because discovery was not yet complete in the other lawsuit. Although the delay was not inordinate and Special Term correctly noted that the record did not evidence an intent on the plaintiff's part to abandon the action, the absence of a reasonable excuse for failing to timely comply with the defendants' 90-day demand to serve and file a note of issue, pursuant to CPLR 3216, and the absence of an affidavit of merit or a verified complaint in lieu thereof *(see, Salch v Paratore,* 60 NY2d 851; *Gibson v D'Avanzo,* 99 AD2d 766), requires dismissal of the complaint for failure to prosecute *(see, Reed v Friedman,* 117 AD2d 661; *Karter v Young,* 117 AD2d 1003; *Walker v Town of Lockport,* 109 AD2d 1102, *affd* 65 NY2d 840; *Vernon v Nassau County Med. Center,* 102 AD2d 852; *Aquilino v Adirondack Tr. Lines,* 97 AD2d 929; *Savino v Guido,* 81 AD2d 860), with leave to the plaintiff, if he be so advised, to move to vacate the dismissal upon proper papers, including an affidavit of merit by the plaintiff. Niehoff, J. P., Rubin, Eiber and Kunzeman, JJ., concur.