■ FELIPE N. PEREZ et al., Respondents, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al., Appellants.—In a medical malpractice action to recover damages for personal injuries, etc., the defendants separately appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated November 8, 1989, which denied their separate motions to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the complaint is dismissed.

We agree with the defendants' contention that the Supreme Court erred in denying their motions to dismiss the complaint due to the plaintiffs' failure to prosecute. The record reveals that the instant malpractice action was commenced in 1981, predicated upon acts of alleged malpractice which were committed in 1978. The plaintiff Felipe Perez sustained an injury to his left little finger and was treated by the defendants. He claims that he sustained a loss of mobility in his finger as a result of the defendants' negligence. In general, however, the plaintiffs have failed to actively pursue this matter. Twice the defendants were forced to resort to judicial intervention to compel discovery. It appears that the plaintiffs responded to their disclosure obligations only under threat of preclusion or dismissal. Under circumstances such as these, although the instant delay in serving a note of issue and certificate of readiness was comparatively short, we find the plaintiffs' excuse, that counsel's long-time secretary had retired, thus disrupting the efficient functioning of his law office, to be

insufficient to constitute a justifiable excuse for the delay *(see, Nichols v Agents Serv. Corp.,* 133 AD2d 912).

Furthermore, the plaintiffs' opposition to the defendants' separate motions was not supported by an affidavit of merit by an expert physician, a requirement crucial to support this malpractice action *(see, Fiore v Galang,* 64 NY2d 999). Rather, the plaintiffs' claims of malpractice were purportedly substantiated by an unsworn letter from a physician who concluded that the loss of motion sustained by Mr. Perez in his injured finger was not an uncommon complication of the type of injury he sustained and who found it "difficult to establish with reasonable medical certainty that a deviation from normal standard practice * * * occurred". Such an unsworn statement which tends to negate any claim that Mr. Perez possessed a meritorious medical malpractice cause of action can hardly be said to constitute an affidavit of merit *(see, Brice v Westchester Community Health Plan,* 143 AD2d 170). Accordingly, the defendants' respective motions to dismiss are granted *(see, Mistrulli v Kings Highway Hosp.,* 139 AD2d 707; *Groves v City of Newburgh,* 126 AD2d 605; *Vernon v Nassau County Med. Center,* 102 AD2d 852). Kunzeman, J. P., Balletta, Miller and O'Brien, JJ., concur.