■ GUANG JING CHEN, Appellant, v SHARON H. GOLDSTEIN et al., Respondents. [667 NYS2d 717] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered November 12, 1996, which granted plaintiff's motion to reargue a prior order granting defendants' motion to dismiss the complaint pursuant to CPLR 3126 on default, and, upon reargument, adhered to the prior order, unanimously modified, on the law, to deem plaintiff's motion as one to vacate his default, and, so considered, the motion denied and the order otherwise affirmed, without costs.

We credit plaintiff's attorney's representation that he never received defendants' amended CPLR 3126 notice of motion, necessitated by some unspecified clerical mishap that prevented defendants' first motion for that relief, admittedly received by plaintiff's attorney, from being placed on the court's motion calendar. Nevertheless, we sustain the dismissal of complaint since plaintiff fails to offer a reasonable excuse for his noncompliance with defendants' notices of physical examination. The willful and contumacious character of this noncompliance can be inferred from plaintiff's disappearance and failure to keep his attorney informed of his whereabouts for at least

the 11-month period between the attorney's receipt of the notices of physical examination and the date plaintiff was located, more than three months after the CPLR 3126 motion had been granted on default (*see, Reitte v Entermy Cab Corp.*, 162 AD2d 259). Nor does plaintiff's attorney show that his efforts to locate plaintiff during this period were diligent. Concur—Sullivan, J. P., Rosenberger, Andrias and Colabella, JJ.