■ FRANCES PALERMO, Respondent, v COUNTY OF NASSAU, Appellant. [698 NYS2d 159] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Carter, J.), dated September 17, 1998, which denied its motion to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

After the plaintiff was served with a 90-day demand (see, CPLR 3216), she had to file a note of issue or move, before the end of the 90-day period, either to vacate the notice or extend the 90-day period (see, Turman v Amity OBG Assocs., 170 AD2d

668; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552). The plaintiff failed to do so. Therefore, in order to avoid having the action dismissed, the plaintiff had to demonstrate a justifiable excuse for the delay in properly responding to the 90-day demand and a meritorious cause of action (*see, Micalizzi v Gomes,* 239 AD2d 395; *Papadopoulas v R.B. Supply Corp., supra*). The proffered excuse here, the plaintiff's disappearance and failure to maintain contact with her attorneys, did not justify her failure to timely respond to the 90-day notice (*see, Dudley v Steese,* 228 AD2d 931; *Guang Jing Chen v Goldstein,* 246 AD2d 407). Friedmann, J. P., Florio, Schmidt and Smith, JJ., concur.