■ PATRICIA BURKE et al., Respondents, v VICTOR KLEIN, Appellant. [703 NYS2d 203] —In an action to recover damages for personal injuries, etc., based upon medical malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated July 13, 1999, which denied his motion pursuant to CPLR 3216 to dismiss the complaint and granted the plaintiffs' cross motion for leave to file a note of issue and certificate of readiness.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

To avoid a default after receipt of the 90-day demand pursuant to CPLR 3216, the plaintiffs were required to comply therewith either by timely filing a note of issue or by moving, before the default date, to vacate the notice or to extend the 90-day period (*see, Pollucci v Rizzo,* 261 AD2d 594; *Rubin v Baglio,* 234 AD2d 534; *Lopez v Pathmark Supermarket,* 229 AD2d 566). Having failed to do so, the plaintiffs, to avoid dismissal, were required to demonstrate a justifiable excuse for the delay in properly responding to the demand and the existence of a meritorious claim (*see, Hayden v Jones,* 244 AD2d 316). Were this Court to excuse the delay premised upon law office failure, the plaintiffs still had to show the meritorious nature of their malpractice claim alleging that the defendant negligently performed the Caesarean operation. That issue is not a matter within the ordinary experience of laypersons (*see, Mosberg v Elahi,* 80 NY2d 941; *Fiore v Galang,* 64 NY2d 999), and the injured plaintiff failed to submit her own affidavit and an affidavit of merit by a medical expert competent to attest to the

meritorious nature of her claim. Accordingly, the complaint must be dismissed. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.