■ CHARALAMBOUS NICOLAIDES, Appellant, v NYACK HOSPITAL et al., Respondents, et al., Defendant. (And Another Action.) [719 NYS2d 710] —In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Meehan, J.), dated November 9, 1999, which granted the respective motions of the defendants Nyack Hospital, Stuart Rasch, Martin L. Hoffman, and Mark Pomerantz, pursuant to CPLR 3216, to dismiss the complaint insofar as asserted against them, and (2) a judgment of the same court, entered February 1, 2000, dismissing the complaint against those defendants. The notice of appeal from the order is also deemed to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Pursuant to CPLR 3216, each of the defendants served a 90-day notice upon the plaintiff to serve and file a note of issue placing this case on the calendar. The 90-day period expired and the defendants separately moved to dismiss the complaint insofar as asserted against them.

It was incumbent on the plaintiff to comply with the notices

by timely filing a note of issue or moving for an extension of time within which to comply (*see, Timko v Loreto,* 263 AD2d 480; *Safina v Queens-Long Is. Med. Group,* 238 AD2d 395; *Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653). Having failed to pursue either option, the plaintiff was obligated to demonstrate a justifiable excuse for the failure to comply with the notices and a meritorious cause of action (*see, M.P.S. Mktg. Servs. v Champion Intl. Corp.,* 176 AD2d 250).

In opposition to the motions, the plaintiff failed to submit an affidavit of merit by a medical expert demonstrating malpractice on behalf of the defendants. Rather, the plaintiff's claims of malpractice were supported only by an unsworn letter from a physician setting forth certain findings with regard to the treatment rendered to the plaintiff's decedent. The letter failed to indicate that the defendants' acts deviated from accepted medical standards or were a proximate cause of the death. The letter was not evidentiary proof in admissible form sufficient to demonstrate a meritorious cause of action (*see, Jederlinic v Arya,* 209 AD2d 586; *Fiore v Galang,* 64 NY2d 999). Thus, the Supreme Court properly granted the defendants' respective motions to dismiss the complaint (*see, Perez v Long Is. Jewish-Hillside Med. Ctr.,* 173 AD2d 530; *Herrington v Saratoga Hosp.,* 202 AD2d 901). O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.