■ Ann Tietz et al., Respondents, v Eloyse G. Blatt, Appellant, et al., Defendants. [720 NYS2d 373] —In an action to recover damages for personal injuries, the defendant Eloyse G. Blatt appeals from an order of the Supreme Court, Queens County (Price, J.), dated April 10, 2000, which denied her motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Eloyse G. Blatt, and the action against the remaining defendants is severed.

To avoid a default after receipt of the 90-day notice pursuant to CPLR 3216, the plaintiffs were required to comply with the notice by timely filing a note of issue or by moving, before the expiration of the 90-day period, either to vacate the notice or extend the 90-day period (*see, Basso v Lessing's, Inc.,* 274 AD2d 488; *Pirpinias v Milonas,* 274 AD2d 383). Having failed to comply, the plaintiffs, to avoid dismissal, were required to provide a justifiable excuse for the delay in properly responding to the 90-day notice and to demonstrate the existence of a meritorious action (*see, Hayden v Jones,* 244 AD2d 316). The plaintiffs did not offer a justifiable excuse for the failure to respond to the 90-day notice. Furthermore, the plaintiffs failed to provide a showing of merit by one with personal knowledge of the facts (*cf., Salch v Paratore,* 60 NY2d 851). The complaint was verified only by the plaintiffs' attorney on information and belief, and was not based upon personal knowledge of the facts. As such, it was inadequate to establish the meritorious nature of the action (*see, Kubick v Ballback,* 231 AD2d 684; *Duqmaq v Stewart,* 137 AD2d 653). Accordingly, the Supreme Court erred in denying the appellant's motion to dismiss the complaint insofar as asserted against her. O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.