■ NINA ALLEN et al., Respondents, v OLGA MAKHNEVICH, Appellant, et al., Defendants. [789 NYS2d 450]—

In an action to recover damages for personal injuries, the defendant Olga Makhnevich appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated July 15, 2004, as denied that branch of her motion which was to dismiss the complaint pursuant to CPLR 3216 insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to

dismiss the complaint pursuant to CPLR 3216 insofar as asserted against the appellant is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The appellant served the plaintiffs with a 90-day demand to resume prosecution pursuant to CPLR 3216. Once the 90-day notice was served and received, the plaintiffs were required to comply with it by filing a note of issue or by moving, before the default date, to either vacate the notice or to extend the 90-day period (*see Basso v Lessing's Inc.,* 274 AD2d 488 [2000]; *Wilson v Nembhardt,* 180 AD2d 731, 733 [1992]; *Turman v Amity OBG Assoc.,* 170 AD2d 668 [1991]). The scheduling of a preliminary conference did not obviate the requirement that the plaintiffs either move to extend the 90-day period or to vacate the notice (*see Basso v Lessing's Inc., supra; Abelard v Interfaith Med. Ctr.,* 202 AD2d 615 [1994]; *Wilson v Nembhardt, supra*).

Since the plaintiffs failed to properly respond to the 90-day notice, they were required to provide a reasonable excuse for their default and to demonstrate a meritorious cause of action (*see* CPLR 3216 [e]; *Basso v Lessing's Inc., supra; Abelard v Interfaith Med. Ctr., supra*). The plaintiffs failed to offer any excuse for their default, and failed to detail the appellant's alleged acts of negligence so as to establish a meritorious cause of action (*see Lopez v Tierney & Courtney Overhead Door Sales Co.,* 8 AD3d 347 [2004]; *Kubick v Ballback,* 231 AD2d 684 [1996]). Accordingly, that branch of the appellant's motion which was to dismiss the complaint insofar as asserted against her should have been granted. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.