■ ADELAIDA GARCIA, Appellant, v SEWGOBIND ROOPNARINE, Respondent. [795 NYS2d 611]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated May 26, 2004, which denied her motion to vacate her default in complying with a 90-day notice and to restore the action to the trial calendar, and granted the defendant's cross motion to dismiss the complaint pursuant to CPLR 3216.

Ordered that the order is affirmed, with costs.

Having received a 90-day notice pursuant to CPLR 3216 and having failed to comply with the notice by filing a note of issue or by moving, before the default date, either to vacate the notice or to extend the 90-day period, the plaintiff was required to demonstrate both a reasonable excuse for the default and the existence of a meritorious cause of action (*see Allen v Makhnevich*, 15 AD3d 425, 426 [2005]; *Tietz v Blatt*, 280 AD2d 469 [2001]; *Basso v Lessings Inc.*, 274 AD2d 488, 489 [2000]). The plaintiff failed to provide a reasonable excuse for her default in complying with the 90-day notice (*see Palermo v County of Nassau*, 266 AD2d 365, 366 [1999]; *Guang Jing Chen v Goldstein*, 246 AD2d 407, 408 [1998]). Furthermore, the plaintiff failed to provide a showing of merit by one with personal knowledge of the facts (*see Tietz v Blatt, supra*; *Duqmaq v Stewart*, 137 AD2d 653 [1988]; *cf. Salch v Paratore*, 60 NY2d 851 [1983]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate her default in comply-

ing with the 90-day notice and to restore the action to the trial calendar, and in granting the defendant's cross motion to dismiss the complaint. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.