■ IQBAL CHAUDHRY et al., Respondents-Appellants, v WLADYSLAW ZIOMEK, Appellant, and CITY OF NEW YORK et al., Appellants-Respondents. [801 NYS2d 603]—

In an action to recover damages for personal injuries, etc., (1) (a) the defendant Wladyslaw Ziomek appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated December 1, 2003, as denied his cross motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute, (b) the defendants City of New York and New York City Health and Hospitals Corporation appeal, as limited by their brief, from so much of the same order as denied that branch of their motion pursuant to CPLR 3216 which was to dismiss the second cause of action, and (c) the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as granted those branches of the motion of the defendants City of New York and New York City Health and Hospitals Corporation which were to dismiss the third, fourth, and fifth causes of action and (2) (a) the defendants City of New York and New York City Health and Hospitals Corporation appeal, as limited by their brief, from so much of an order of the same court dated March 24, 2004, as, in effect, upon reargument, adhered to so much of the determination in the order dated December 1, 2003, as denied that branch of their motion pursuant to CPLR 3216 which was to dismiss the second cause of action insofar as it

was based on a claim of negligence, and (b) the plaintiffs cross-appeal from so much of the same order as denied their motion for leave to renew and/or reargue those branches of the prior motion of the defendants City of New York and New York City Health and Hospitals Corporation which were to dismiss the third, fourth, and fifth causes of action, granted that branch of the cross motion of the defendants City of New York and New York City Health and Hospitals Corporation which was for leave to reargue that branch of their prior motion which was to dismiss the second cause of action, and, upon reargument, dismissed the second cause of action to the extent that it was based on a claim of defective roadway design.

Ordered that the appeal by the defendants City of New York and New York City Health and Hospitals Corporation from the order dated December 1, 2003, is dismissed, as that order, insofar as appealed from by those defendants, was superseded by the order dated March 24, 2004, made upon reargument; and it is further,

Ordered that the cross appeal by the plaintiffs from so much of the order dated March 24, 2004, as denied that branch of their motion which was for leave to reargue those branches of the prior motion of the defendants City of New York and New York City Health and Hospitals Corporation which were to dismiss the third, fourth, and fifth causes of action, is dismissed, as no appeal lies from an order denying reargument; and it further,

Ordered that the order dated December 1, 2003, is reversed insofar as appealed from by the defendant Wladyslaw Ziomek, and the cross motion of that defendant to dismiss the complaint insofar as asserted against him pursuant to CPLR 3216 for failure to prosecute is granted; and is further,

Ordered that the order dated December 1, 2003, is affirmed insofar as cross-appealed from by the plaintiffs; and it is further,

Ordered that the order dated March 24, 2004, is modified, on the law, by deleting the provision thereof which, in effect, upon reargument, adhered to so much of the determination in the order dated December 1, 2003, as denied that branch of the motion of the defendants City of New York and New York City Health and Hospitals Corporation pursuant to CPLR 3216 which was to dismiss the second cause of action insofar as it was based on a claim of negligence, and substituting therefor a provision, upon reargument, vacating so much of the order dated December 1, 2003, as denied that branch of the motion of the defendants City of New York and New York City Health and

Hospitals Corporation which was to dismiss the second cause of action insofar as it was based on a claim of negligence and granting that branch of the prior motion which was to dismiss the second cause of action in its entirety; as so modified, the order dated March 24, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that the complaint is dismissed in its entirety; and it is further,

Ordered that one bill of costs is awarded to the defendants.

On May 10, 1999, the plaintiff Iqbal Chaudhry (hereinafter the plaintiff), a pedestrian, was struck by a motor vehicle owned and operated by the defendant Wladyslaw Ziomek, as he was crossing Northern Boulevard in Queens. The plaintiff thereafter was treated at the scene of the accident by Emergency Medical Service personnel as well as members of the New York City Fire Department, and then transported by ambulance to the emergency room of Elmhurst Hospital Center. The plaintiff subsequently commenced the instant action on or about July 26, 2000, asserting causes of action sounding in negligence and medical malpractice. Thereafter, in January 2003, based upon the belief that there had been virtually no activity in the case during the period of approximately 2½ years that had elapsed since joinder of issue, 90-day notices were served upon the plaintiff by the defendant Wladyslaw Ziomek and jointly by the defendants City of New York and New York City Health and Hospitals Corporation.

Where a party is served with a 90-day notice pursuant to CPLR 3216, it is incumbent upon that party to comply with the notice by filing a note of issue or by moving, before the default date, either to vacate the notice or extend the 90-day period (*see Brady v Benenson Capital Co.*, 2 AD3d 382 [2003]; *Hayden v Jones*, 244 AD2d 316 [1997]). The plaintiff's response, which included the service of a demand for a preliminary conference, did not satisfy this requirement (*see Wilson v Nembhardt*, 180 AD2d 731 [1992]). Because the plaintiff failed to properly respond to the 90-day notice within the allotted period of time, he was required to demonstrate both a justifiable excuse for the delay and the existence of a meritorious cause of action (*see* CPLR 3216; *Hayden v Jones, supra*). The plaintiff failed to satisfy this standard. Accordingly, the Supreme Court should have dismissed the complaint in its entirety. Florio, J.P., Adams, Mastro and Lifson, JJ., concur.