■ EMMA RANDOLPH, Respondent, v CHARLES N. CORNELL, Appellant, et al., Defendants. [816 NYS2d 111]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Charles N. Cornell appeals from an or-

der of the Supreme Court, Queens County (Hart, J.), dated May 5, 2005, which denied his motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

Where a party is served with a 90-day notice pursuant to CPLR 3216, it is incumbent upon that party to comply with the notice by filing a note of issue or by moving, before the default date, either to vacate the notice or extend the 90-day period (*see Chaudhry v Ziomek*, 21 AD3d 922, 924 [2005], *lv denied* 6 NY3d 703 [2006]; *Allen v Makhnevich*, 15 AD3d 425, 426 [2005]; *Brady v Benenson Capital Co.*, 2 AD3d 382 [2003]). The plaintiff did neither. Accordingly, to avoid dismissal, the plaintiff was required to show both a justifiable excuse for the delay in properly responding to the 90-day notice, and the existence of a meritorious cause of action (*see* CPLR 3216 [e]; *Johnson v State Farm Mut. Auto. Ins. Co.*, 291 AD2d 533 [2002]; *Moran v Pathmark Stores*, 278 AD2d 208, 209 [2000]). The plaintiff failed to show the existence of a meritorious cause of action (*see Mosberg v Elahi*, 80 NY2d 941, 942 [1992]; *Fiore v Galang*, 64 NY2d 999, 1000-1001 [1985]; *Salch v Paratore*, 60 NY2d 851, 852 [1983]; *Burke v Klein*, 269 AD2d 348, 348-349 [2000]; *Abelard v Interfaith Med. Ctr.*, 202 AD2d 615, 616 [1994]; *Feinblum v Dybner*, 197 AD2d 560 [1993]). Accordingly, the Supreme Court should have granted the appellant's motion to dismiss the complaint insofar as asserted against him. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.