■ Victor M. Serby et al., Respondents, v Long Island Jewish Medical Center et al., Appellants, et al., Defendants. [824 NYS2d 119]—

In an action to recover damages for medical malpractice and wrongful death, the defendants Long Island Jewish Medical Center and Harold Thies separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated May 18, 2005, as denied their respective motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute.

Ordered that the order is reversed, on the law and in the exercise of discretion, with one bill of costs, and the motions to dismiss the complaint insofar as asserted against the defendants Long Island Jewish Medical Center and Harold Thies are granted.

It is incumbent upon a party served with a 90-day notice pursuant to CPLR 3216 to comply with it by filing a note of issue or by moving, before the default date, either to vacate the notice or extend the 90-day period (*see Chaudhry v Ziomek,* 21 AD3d 922, 924 [2005]; *Allen v Makhnevich,* 15 AD3d 425, 426 [2005]; *Brady v Benenson Capital Co.,* 2 AD3d 382 [2003]). The plaintiffs did neither. Accordingly, to avoid dismissal, the plaintiffs were required to show both a "justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216 [e]; *see Sharpe v Osorio,* 21 AD3d 467 [2005]; *Estate of Hamilton v Nassau Suffolk Home Health Care,* 1 AD3d 474 [2003]; *Aguilar v Knutson,* 296 AD2d 562 [2002]). The plaintiffs failed to submit evidentiary proof in admissible form sufficient to demonstrate the existence of a meritorious cause of action (*see Mosberg v Elahi,* 80 NY2d 941, 942 [1992]; *Fiore v Galang,* 64 NY2d 999, 1000-1001 [1985]; *Salch v Paratore,* 60 NY2d 851, 852 [1983]; *Nicolaides v Nyack Hosp.,* 279 AD2d 617, 618 [2001]; *Burke v Klein,* 269 AD2d 348, 348-349 [2000]; *Abelard v Interfaith Med. Ctr.,* 202 AD2d 615, 616 [1994]). Furthermore, the plaintiffs failed to offer a reasonable excuse to justify their failure to comply with the 90-day notices or their delay in the prosecution of this action. Accordingly, the Supreme Court improvidently exercised its discretion in denying the appellants' respective motions to dismiss the complaint insofar as asserted against them.

Separate motions by the appellant Long Island Jewish Medical Center and the appellant Harold Thies, inter alia, to strike

portions of the respondents' brief on an appeal from an order of the Supreme Court, Queens County, dated March 18, 2006, on the ground that it refers to matter dehors the record. By decision and order on motion dated May 2, 2006, those branches of the motions which were to strike portions of the respondents' brief were held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motions, the papers filed in opposition and relation thereto, and the submission of the appeal, it is

Ordered that the branches of the motions which are to strike portions of the respondents' brief are granted and those portions of the brief which refer to matter dehors the record are stricken and have not been considered in the determination of the appeal. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.