■ BARBARA HARRINGTON, Appellant, v TRACEY GLEN TOBACK et al., Respondents. [825 NYS2d 118]—

In an action to recover damages for podiatric malpractice and lack of informed consent, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Brands, J.), entered May 26, 2005, which, upon an order of the same court dated March 14, 2005, denying her motion to vacate a 90-day notice or, in the alternative, to extend the time to file a note of issue, and granting the defendants' cross motion to dismiss the complaint pursuant to CPLR 3216, and upon an order of the same court dated April 27, 2005, denying her motion pursuant to CPLR 3404 to restore the action to the trial calendar, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the defendants were not precluded from serving a 90-day notice upon her within one year of the date the case was stricken from the trial calendar pursuant to CPLR 3404 and the original note of issue, in effect, was stricken (see *Cascio v O'Daly,* 221 AD2d 494, 495 [1995]; *see also Hansel v Lamb,* 227 AD2d 838 [1996]). Once served with the 90-day notice, the plaintiff was required to comply with it by timely filing a note of issue, or by moving, before the default date, to vacate the notice or to extend the 90-day period (see *Randolph v Cornell,* 29 AD3d 557 [2006]; *Die Matic Prods., Inc. v Flair Intl. Corp.,* 23 AD3d 513, 514 [2005]; *Sharpe v Osorio,* 21 AD3d 467, 468 [2005]; *McKinney v Corby,* 295 AD2d 580, 581 [2002]). The plaintiff did not timely file the note of issue. While the plaintiff purportedly timely moved to vacate the 90-day notice or, in the alternative, to extend the time within

which to file the note of issue, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the motion, especially in light of the lengthy delay in prosecuting the action, the inadequate excuse for the delay, and the prejudice to the defendants (*see Florestal v Little Flower Children's Servs. of N.Y.,* 9 AD3d 348 [2004]; *Acevedo v DePena,* 6 AD3d 636 [2004]).

The plaintiff's remaining contention is without merit. Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.