MIKHAIL OVCHINNIKOV et al., Respondents, v JOYCE OWNERS CORP. et al., Appellants. [843 NYS2d 345]—

In a consolidated action, inter alia, to recover damages for personal injuries and medical malpractice, the defendants Joyce Owners Corp. and Joyce Management Co. appeal, and the de-

fendant Sounder Eswar separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Price, J.), entered June 13, 2006, as denied their respective motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute, and granted the plaintiffs' cross motion to extend the time to file a note of issue.

Ordered that the order is reversed, on the law and in the exercise of discretion, with one bill of costs, the motions to dismiss the complaint are granted, and the cross motion is denied.

On December 16, 1994 the injured plaintiff Mikhail Ovchinnikov tripped and fell on stairs inside the parking garage of a building owned and managed by the defendants Joyce Owners Corp. and Joyce Management Co. (hereinafter the Joyce defendants). Following the accident, the injured plaintiff was taken to LaGuardia Hospital, where the defendant Sounder Eswar performed a closed reduction procedure on his fractured left wrist. In January 1996 the injured plaintiff and his wife commenced an action against Eswar seeking to recover damages, inter alia, for medical malpractice. The plaintiffs subsequently commenced a second action in December 1997 to recover damages for personal injuries against the Joyce defendants, and the two actions were thereafter consolidated. As of May 2005 the plaintiffs had yet to serve or file a note of issue.

On May 11, 2005, more than nine years after the commencement of the action against him, Eswar served the plaintiffs with a 90-day notice pursuant to CPLR 3216, requesting them to resume prosecution of the action. The Joyce defendants also served the plaintiffs with a 90-day notice on or about May 20, 2005. Although the plaintiffs allege that they attempted to file a note of issue placing the action on the trial calendar on or about August 9, 2005, the note of issue was rejected for filing, apparently because the actions had been marked "disposed," and the plaintiffs had not moved to restore the action to active status. On August 16, 2005 the plaintiffs also filed a motion to extend their time to file a note of issue, but according to the plaintiffs, the motion was subsequently rejected and never decided. About seven months later, Eswar moved for an order pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him, and the Joyce defendants separately moved for similar relief. In support of their respective motions, the defendants alleged that the actions against them had, in actuality, been dismissed due to the plaintiffs' failure to comply with a compli-

ance conference order dated October 23, 2000, requiring the plaintiffs to file a note of issue within 90 days, and that they had served 90-day demands in May 2005 because no order dismissing the action appeared in the court file. In June 2006 the plaintiffs cross-moved to extend their time to file a note of issue, claiming that they had never been served with the October 2000 compliance conference order, and that they had attempted to comply with the defendants' 90-day demands by preparing the note of issue which was rejected for filing and the August 2005 motion which was also rejected and never decided. The Supreme Court denied the defendants' respective motions, and granted the plaintiffs' cross motion. We reverse.

Contrary to the defendants' contentions, the Supreme Court could not have properly dismissed the actions for the plaintiffs' failure to comply with the October 23, 2000 compliance conference order. Although a compliance conference order which directs a plaintiff to file a note of issue, and warns that the failure to do so will result in dismissal of the action, may constitute a valid 90-day notice pursuant to CPLR 3216 (*see Bowman v Kusnick*, 35 AD3d 643 [2006]; *Hoffman v Kessler*, 28 AD3d 718 [2006]), here the plaintiffs' counsel was not present at the October 2000 compliance conference, and there is no evidence that the compliance conference order was ever properly served upon the plaintiffs.

However, the Supreme Court should have dismissed the actions based upon the plaintiffs' failure to comply with the 90-day notices served by the defendants in May 2005. Where a party is served with a 90-day notice pursuant to CPLR 3216, it is incumbent upon that party to comply with the notice by filing a note of issue or by moving, before the default date, to vacate the notice or extend the 90-day period (*see Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]; *Randolph v Cornell*, 29 AD3d 557 [2006]; *C&S Realty, Inc. v Soloff*, 22 AD3d 515 [2005]; *Chaudhry v Ziomek*, 21 AD3d 922 [2005]). The plaintiffs did not file a note of issue before the default date set by the 90-day notices, and their August 2005 motion for an extension was rejected without being decided. Since the plaintiffs thus failed to properly respond to the 90-day notices within the allotted period of time, in order to avoid dismissal they were required to demonstrate both a justifiable excuse for the delay and the existence of a meritorious cause of action (*see* CPLR 3216; *Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]; *Randolph v Cornell*, 29 AD3d 557 [2006]; *Parkin v Ederer*, 27 AD3d 633 [2006]; *Chaudhry v Ziomek*, 21 AD3d 922 [2005]). Although the plaintiffs' August 2005 motion was rejected, they took no fur-

ther steps to obtain an extension of time to file a note of issue until June 2006, when they responded to the defendants' motions to dismiss by filing the cross motion now under review. The plaintiffs offered no excuse to justify their extensive delay in seeking an extension, or their lengthy delays in prosecuting this action (*see Harrington v Toback*, 34 AD3d 640 [2006]). Moreover, the plaintiffs failed to demonstrate the existence of a meritorious malpractice cause of action against Eswar (*see Mosberg v Elahi*, 80 NY2d 941, 942 [1992]; *Salch v Paratore*, 60 NY2d 851, 852 [1983]; *Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]; *Randolph v Cornell*, 29 AD3d 557 [2006]; *Burke v Klein*, 269 AD2d 348 [2000]).

Accordingly, the defendants' respective motions to dismiss the complaint should have been granted, and the plaintiffs' cross motion to extend the time to file a note of issue should have been denied. Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.