■ CLEOMIE PICOT, Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [855 NYS2d 237]—

In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated December 15, 2006, which granted the motion of the defendants New York City Health and Hospitals Corporation, Coney Island Hospital, and Teresa Brevetti pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute.

Ordered that the order is affirmed, with costs.

Having been served with a 90-day notice pursuant to CPLR 3216, the plaintiff was required to file a note of issue in compliance with the notice or to move, before the default date, either to vacate the notice or to extend the 90-day period (*see Sharpe v Osorio*, 21 AD3d 467, 468 [2005]; *Walters v Hoboken Wood Flooring Corp.*, 6 AD3d 696, 697 [2004]). The plaintiff attempted to file a note of issue before the default date, but the note of issue was properly rejected by the Supreme Court because she failed to file a request for judicial intervention (*see* 22 NYCRR 202.6 [a]). Since the plaintiff failed to properly respond to the 90-day

notice within the allotted period of time, in order to avoid dismissal she was required to demonstrate both a justifiable excuse for the delay and the existence of a meritorious cause of action (*see* CPLR 3216 [e]; *Estate of Hamilton v Nassau Suffolk Home Health Care*, 1 AD3d 474 [2003]; *Aguilar v Knutson*, 296 AD2d 562 [2002]; *Werbin v Locicero*, 287 AD2d 617, 618 [2001]). The plaintiff's excuse for her failure to comply with the 90-day notice was inadequate and she offered no excuse for her inordinate delay in the prosecution of this action (*see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 504-505 [1997]; *Ovchinnikov v Joyce Owners Corp.*, 43 AD3d 1124, 1126-1127 [2007]; *Salerno v Presbyterian Hosp. in City of N.Y. at Columbia Presbyt. Med. Ctr.*, 88 AD2d 637, 638 [1982]). Furthermore, the plaintiff failed to submit evidentiary proof in admissible form sufficient to demonstrate the existence of a meritorious cause of action (*see Mosberg v Elahi*, 80 NY2d 941, 942 [1992]; *Salch v Paratore*, 60 NY2d 851, 852 [1983]; *Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]; *Randolph v Cornell*, 29 AD3d 557 [2006]; *Burke v Klein*, 269 AD2d 348, 348-349 [2000]). Accordingly, the respondents' motion to dismiss the complaint insofar as asserted against them was properly granted. Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.