■ ROBERT MYERS et al., Respondents, v POLYTECHNIC PREPARATORY COUNTRY DAY SCHOOL, Defendant and Third-Party Plaintiff-Appellant. GARMER INDUSTRIES, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [855 NYS2d 650]—In an action to recover damages for personal injuries, the defendant third-party plaintiff and the third-party defendant separately appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated August 9, 2007, which granted the plaintiffs' motion to restore the action to the active calendar and to extend the time to file a note of issue.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion to restore the action to the active calendar and to extend the time to file a note of issue is denied.

To excuse their default and to restore this action to the active calendar, the plaintiffs were required to demonstrate a justifiable excuse for their failure to timely file the note of issue, and a meritorious cause of action (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 [1997]; *Serby v Long Is. Jewish Med. Ctr.,* 34 AD3d 441 [2006]; *Amato v Commack Union Free School Dist.,* 32 AD3d 807 [2006]; *Chaudhry v Ziomek,* 21 AD3d 922, 924 [2005]). Here, the tendered excuse failed to adequately explain the plaintiffs' failure to timely file a note of issue (*see Taylor v Gari,* 287 AD2d 557 [2001]; *Turman v Amity OBG Assoc.,* 170 AD2d 668 [1991]; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552 [1989]; *Meth v Maimonides Med. Ctr.,* 99 AD2d 799 [1984]).

Moreover, the plaintiffs failed to demonstrate a meritorious cause of action. As the complaint was verified only by the plaintiffs' attorney, who had no personal knowledge of the facts, it was insufficient to establish the merits of the case (*see Salch v Paratore,* 60 NY2d 851 [1983]; *Juseinoski v Board of Educ. of City of N.Y.,* 15 AD3d 353 [2005]; *McKenna v Solomon,* 255 AD2d 496 [1998]; *Peterson v Scandurra Trucking Co.,* 226 AD2d 691, 692 [1996]). Further, the unsigned and unsworn deposition transcript attached to the plaintiffs' reply papers was not in admissible form and could not supply the basis for a showing of a meritorious cause of action (*see Santos v Intown Assoc.,* 17 AD3d 564 [2005]; *Lalli v Abe,* 234 AD2d 346 [1996]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.