*435 In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated November 30, 2007, as denied its motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute, granted that branch of the plaintiffs cross motion which was to vacate the 90-day demand pursuant to CPLR 3216, and, in effect, granted that branch of the plaintiffs cross motion which was to extend the time within which to complete discovery.
Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the defendant’s motion to dismiss the complaint is granted, and those branches of the plaintiffs cross motion which were to vacate the 90-day demand and extend the time within which to complete discovery are denied.
The plaintiff allegedly was injured in October 2001 when she slipped and fell at the defendant’s facility. She commenced this action in April 2004 serving a summons and complaint on the defendant. In May 2004 the defendant served its answer, along with various discovery demands. Having received no response to the demands, the defendant pursued discovery through a series of letters to the plaintiffs attorney, sent in September 2004, November 2004, and March 2005. The defendant, however, received no response to the letters.
In May 2006, apparently dissatisfied with the lack of progress in the case, the plaintiff retained a new attorney, but no formal substitution was made and neither the defendant’s attorney nor the court was notified of the substitution. In November 2006, 21/2 years after serving its discovery demands to which no responses had yet been made, the defendant served the plaintiffs attorney of record with a 90-day demand pursuant to CPLR 3216, again receiving no response. Finally, by notice of motion dated May 17, 2007, the defendant moved to dismiss the complaint based on the plaintiffs failure to prosecute (see CPLR 3216 [a]).
On June 25, 2007, the return date of the motion, the defendant learned that the plaintiff purportedly had retained a new attorney. At a conference in October 2007 the plaintiffs new attorney gave the defendant’s counsel a consent-to-changeattomey form for the first time, and informed the court that it still had not received the file from the plaintiffs original attorney. Thereafter, the plaintiff’s new attorney cross-moved, inter alia, to vacate the 90-day demand and extend the plaintiffs time to conduct discovery. The plaintiff asserted that the conduct of her original attorney, specifically counsel’s failure to *436 return the consent-to-change-attorney form to her incoming attorney, constituted a reasonable excuse for the delay. She also asserted that the defendant was not prejudiced by the delay and that her action was meritorious. In her affidavit of merit, she alleged that she slipped and fell on the floor due to a “wet, slippery condition,” which was “entirely the fault of the defendants [sic], due to the negligent manner in which they [szc] operated, maintained, controlled, inspected and cleaned their [szc] premises.” In the order appealed from, the Supreme Court, inter alia, denied the defendant’s motion to dismiss the complaint, granted that branch of the plaintiffs cross motion which was to vacate the 90-day demand, and, in effect, granted that branch of the cross motion which was to extend the time to complete discovery. We reverse the order insofar as appealed from.
Upon receipt of the defendant’s 90-day demand, served pursuant to CPLR 3216, the plaintiff was required to comply with it by filing a note of issue or move before the default date to vacate the demand or extend the 90-day period (see Garcia v Roopnarine, 18 AD3d 607 [2005]; Allen v Makhnevich, 15 AD3d 425, 426 [2005]; Tietz v Blatt, 280 AD2d 469 [2001]). The plaintiff did neither. Accordingly, in opposing the defendant’s subsequent motion to dismiss pursuant to CPLR 3216, the plaintiff was required to show that she had a reasonable excuse for her delay in properly responding to the demand, and that she had a meritorious cause of action (see CPLR 3216 [e]; Garcia v Roopnarine, 18 AD3d 607 [2005]; Allen v Makhnevich, 15 AD3d at 426; Burke v Klein, 269 AD2d 348 [2000]). The plaintiff did not make the required showing.
After the plaintiff changed attorneys in May 2006 her new counsel did not file a consent-to-change-attorney form for more than a year, and made no effort to notify the court or the defendant’s counsel of the substitution, or to comply with the defendant’s discovery demands. Moreover, the plaintiffs affidavit of merit failed to detail the defendant’s alleged acts of negligence so as to establish a meritorious cause of action (see Koehler v Sei Young Choi, 49 AD3d 504, 505 [2008]; Allen v Makhnevich, 15 AD3d at 426; Koriba, Inc. v Porco, 116 AD2d 630, 631 [1986]). Furthermore, the defendant had received no discovery in the three years following the commencement of the action. Consequently, given the extent of the plaintiff’s unexcused delay, her failure to establish a meritorious cause of action, and the resultant prejudice to the defendant, the Supreme Court improvidently exercised its discretion in denying the defendant’s motion to dismiss the complaint, granting *437 that branch of the plaintiffs cross motion which was to vacate the 90-day demand, and, in effect, granting that branch of the cross motion which was to extend the time within which to complete discovery (see Baczkowski v Collins Constr. Co., 89 NY2d 499, 502-503 [1997]; Doe v Board of Educ. of Longwood Cent. Schools, 52 AD3d 767 [2008]; Lugauer v Forest City Ratner Co., 44 AD3d 829, 830 [2007]; Florestal v Little Flower Children’s Servs. of N.Y., 9 AD3d 348 [2004]; cf. Di Simone v Good Samaritan Hosp., 100 NY2d 632, 633-634 [2003]; Harrington v Toback, 34 AD3d 640, 641 [2006]).
In light of our determination, we do not reach the defendant’s remaining contention. Fisher, J.E, Lifson, Covello and Balkin, JJ., concur.