■ IDELSIA DOMINGUEZ, Appellant, v JAMAICA MEDICAL CENTER, Respondent. [898 NYS2d 869]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated July 27, 2009, which, upon an order of the same court dated June 22, 2009, denying her motion to extend the time to serve and file a note of issue and granting the defendant's cross motion pursuant to CPLR 3216 to dismiss the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the written 90-day notice served by the defendant conformed to the provisions of CPLR 3216 (b) (3). The written notice demanded that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand, and also stated that the failure to comply with the demand will serve as a basis for a motion to dismiss the action (*see Passet v Menorah Nursing Home, Inc.*, 68 AD3d 735 [2009]; *Itskov v Menorah Home & Hosp. for the Aged & Infirm*, 68 AD3d 723 [2009]; *Rose v Aziz*, 60 AD3d 925 [2009]; *Harrison v Good Samaritan Hosp. Med. Ctr.*, 43 AD3d 996 [2007]). Furthermore, the two separate conditions precedent to dismissal under CPLR 3216 (b) (1) and (2) had also been met (*see Michaels v Sunrise Bldg. & Remodeling, Inc.*, 65 AD3d 1021, 1022 [2009]; *Huger v Cushman & Wakefield, Inc.*, 58 AD3d 682, 683 [2009]).

Having received a 90-day notice, the plaintiff was required either to serve and file a timely note of issue or move, before the default date, for an extension of time pursuant to CPLR 2004 (*see Benitez v Mutual of Am. Life Ins. Co.*, 24 AD3d 708 [2005]; *Bokhari v Home Depot U.S.A.*, 4 AD3d 381 [2004]; *McKinney v Corby*, 295 AD2d 580, 581 [2002]). The plaintiff did neither. To avoid dismissal of the action, the plaintiff was required to show a justifiable excuse for the delay and a meritorious cause of action (*see Picot v City of New York*, 50 AD3d 757 [2008]; *Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]; *Estate of Hamilton v Nassau Suffolk Home Health Care*, 1 AD3d 474 [2003]). The plaintiff failed to tender any excuse for her failure to comply with the 90-day notice or for her three-year delay in the prosecution of this action (*see Baczkowski v Collins Constr.*

Co., 89 NY2d 499, 504 [1997]; *Picot v City of New York*, 50 AD3d 757 [2008]; *Ovchinnikov v Joyce Owners Corp.*, 43 AD3d 1124, 1127 [2007]; *Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]). Furthermore, the plaintiff failed to submit any evidentiary proof in admissible form to demonstrate a meritorious cause of action (*see Mosberg v Elahi*, 80 NY2d 941, 942 [1992]; *Fiore v Galang*, 64 NY2d 999, 1000-1001 [1985]; *Salch v Paratore*, 60 NY2d 851, 852 [1983]; *Picot v City of New York*, 50 AD3d 757 [2008]; *Burke v Klein*, 269 AD2d 348 [2000]; *Evans v Kringstein*, 193 AD2d 714 [1993]). Accordingly, the plaintiff's motion to extend the time to serve and file a note of issue was properly denied and the defendant's cross motion to dismiss the complaint was properly granted. Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.