■ FANNY HERMIDA et al., Respondents, v JACQUELINE HAR-RIS, Appellant. [924 NYS2d 823]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered October 28, 2010, which granted the plaintiffs' motion to restore the action to the active pre-note of issue calendar, and extend the time to file a note of issue.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiffs' motion to restore the action to the active pre-note of issue calendar and extend the time to file a note of issue is denied.

In a certification order dated June 25, 2008, the Supreme Court directed the plaintiffs to file a note of issue within 90 days, and warned that the action would be deemed dismissed without further order of the court if the plaintiffs failed to comply with that directive (*see CPLR 3216*). When the plaintiffs failed to serve and file a timely note of issue or move to extend the time within which to serve and file a note of issue, the ac-

tion was dismissed on March 25, 2009. Thereafter, in an order entered December 14, 2009, the Supreme Court granted the plaintiffs' motion to restore the matter to the active pre-note of issue calendar, and directed them to file a note of issue within 10 days of that order. However, the plaintiffs again failed to file a note of issue in compliance with the Supreme Court's directive. In March 2010 the plaintiffs filed the instant motion to restore the action to the active pre-note of issue calendar, and extend the time to file a note of issue. In an order dated October 20, 2010, and entered October 28, 2010, the Supreme Court granted the plaintiffs' motion and directed them to file a note of issue by October 22, 2010. We reverse.

The Supreme Court improvidently exercised its discretion in granting the plaintiffs' second motion to restore the matter to the active pre-note of issue calendar and extend the time to file a note of issue, given the lengthy delay in failing to properly file the note of issue, the absence of a reasonable excuse for the delay, and the prejudice to the defendant (*see Harrington v Toback*, 34 AD3d 640, 640-641 [2006]; *Acevedo v DePena*, 6 AD3d 636 [2004]). Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.