■ Dock A. Cope, Appellant, v Aatif Barakaat et al., Defendants, and Olabanji Awosika et al., Respondents. [931 NYS2d 910]—

The appeal from the order dated October 1, 2010, must be dismissed. It is the obligation of the appellant to assemble a proper record on appeal (*see Udell v Naghavi*, 82 AD3d 960 [2011]; *LaSalle Bank N.A. v Henderson*, 69 AD3d 679 [2010]; *Wen Zong Yu v Hua Fan*, 65 AD3d 1335 [2009]). That record "must contain all of the relevant papers that were before the Supreme Court" (*LaSalle Bank N.A. v Henderson*, 69 AD3d at

680 [internal quotation marks omitted]; *see* CPLR 5526; *Wen Zong Yu v Hua Fan*, 65 AD3d at 1335). Here, although the plaintiff appealed from the order dated October 1, 2010, granting the motion of the defendant Olabanji Awosika to cancel two notices of pendency filed in connection with certain real property that is the subject of this action and denying his cross motion, inter alia, for leave to renew his opposition to Awosika's separate motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him, which had been determined in an order dated May 21, 2010, the plaintiff has not included, in the record, any of the papers submitted in opposition to the cross motion or reply papers submitted in connection with the motion. Inasmuch as the record is inadequate to review the order dated October 1, 2010, we dismiss the appeal from that order (*see Udell v Naghavi*, 82 AD3d 960 [2011]; *LaSalle Bank N.A. v Henderson*, 69 AD3d 679 [2010]; *Wen Zong Yu v Hua Fan*, 65 AD3d at 1335).

Having been served with a 90-day notice pursuant to CPLR 3216, the plaintiff was required to file a note of issue in compliance with the notice or to move, before the default date, either to vacate the notice or to extend the 90-day period pursuant to CPLR 2004 (*see Gagnon v Campbell*, 86 AD3d 623, 624 [2011]; *Sanchez v Serje*, 78 AD3d 1155, 1156 [2010]; *Bokhari v Home Depot U.S.A.*, 4 AD3d 381 [2004]). The plaintiff did none of these. The plaintiff's mere service of a note of issue upon the defendants was insufficient to comply with the statute (*see* CPLR 3216 [b]). Thus, to avoid dismissal of the complaint, the plaintiff was required to show a justifiable excuse for the delay and a potentially meritorious cause of action (*see* CPLR 3216 [e]; *Dominguez v Jamaica Med. Ctr.*, 72 AD3d 876 [2010]; *Picot v City of New York*, 50 AD3d 757, 757-758 [2008]; *Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]). The plaintiff failed to tender a justifiable excuse for his failure to comply with the 90-day notice (*see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 504 [1997]), or for his inordinate delay in the prosecution of this action (*see Picot v City of New York*, 50 AD3d at 758; *Ovchinnikov v Joyce Owners Corp.*, 43 AD3d 1124, 1127 [2007]; *Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]). Furthermore, the plaintiff failed to submit any affidavit of merit (*see Picot v City of New York*, 50 AD3d 757 [2008]; *Burke v Klein*, 269 AD2d 348, 348-349 [2000]). The proposed amended complaint submitted in opposition to Awosika's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute did not have a verification and, therefore, could not be utilized as an affidavit (*cf.* CPLR 105 [u]). Accordingly, the Supreme Court properly granted

Awosika's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him. For the same reasons, the plaintiff's cross motion to restore the action to the pre-note of issue calendar was properly denied (*see* CPLR 5015 [a] [1]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 197 [2001]; *cf. Dorio v County of Suffolk*, 58 AD3d 594, 595 [2009]). Rivera, J.P., Florio, Austin and Sgroi, JJ., concur.