Sharon Small, Appellant, April 6, 2016
against
Metropolitan Property & Casualty Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Carolyn E. Wade, J.), entered December 6, 2013. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated June 13, 2013 granting defendant's motion to, in effect, vacate its default in opposing a prior motion by plaintiff, and granted defendant's cross motion to dismiss the complaint pursuant to CPLR 3216 (e).




ORDERED that the order entered December 6, 2013, insofar as appealed from, is affirmed, without costs.
In this action to recover first-party no-fault benefits, by order dated June 13, 2013, the Civil Court granted a motion by defendant to, in effect, vacate its default in opposing a prior motion by plaintiff which had sought to place the action on the trial calendar. Plaintiff thereafter moved for leave to reargue her opposition to defendant's motion, and defendant cross-moved to dismiss the complaint pursuant to CPLR 3216 (e). By order entered December 6, 2013, the Civil Court, upon granting reargument, adhered to its prior decision, and granted defendant's cross motion.
This action, which was brought in 1998, was the subject of a prior appeal (Small v Metropolitan Prop. & Cas. Ins. Co., 35 Misc 3d 134[A], 2012 NY Slip Op 50760[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), in which this court found that the action had been marked off in 1999 and that when plaintiff moved to restore the case in 2010, in response to a 90-day notice served by defendant (see CPLR 3216), she was required to demonstrate a meritorious cause of action and a reasonable excuse for the delay in moving to restore. Contrary to plaintiff's arguments on this appeal, that decision is law of the case (see 10A Carmody-Wait 2d § 70:537), and, as defendant and the Civil Court noted, plaintiff cannot evade the requirements set forth by this court by simply bringing the same motion under another name. As plaintiff has yet to demonstrate a meritorious cause of action or reasonable excuse for her multi-year delay, and as plaintiff has failed to demonstrate that the Civil Court overlooked or misapprehended any matter of fact or law (see CPLR 2221 [d] [2]), the Civil Court properly adhered to its prior determination.
We also find that the Civil Court properly granted defendant's cross motion to dismiss the complaint pursuant to CPLR 3216 (e) (see Picot v City of New York, 50 AD3d 757 [2008]; Ovchinnikov v Joyce Owners Corp., 43 AD3d 1124 [2007]; Missos v General Motors Corp., 30 [*2]AD3d 303 [2006]).
Accordingly, the order entered December 6, 2013, insofar as appealed from, is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: April 06, 2016