■ LAVERNE A. RUBIN et al., Respondents, v PATRICIA BAGLIO, Appellant. [651 NYS2d 614] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated April 22, 1996, as denied her motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

In June 1993 the plaintiffs' counsel signed a stipulation indicating that discovery was complete and that the case was ready for trial. However, the plaintiffs failed to file a note of issue and certificate of readiness. On November 22, 1995, the defendant served a 90-day notice of demand upon the plaintiffs to serve and file a note of issue placing this case on the calendar.

To avoid being held in default, a plaintiff served with a 90-day notice must either comply with the notice by filing a note of issue, or moving, before the default date, to vacate the notice or to extend the 90-day period (see, Shu Chaing Chan v Fendt, 187 AD2d 574; Kirkland v Community Hosp., 187 AD2d 566). Having failed to pursue either of the foregoing options, the plaintiffs were obligated to demonstrate a justifiable excuse for failure to comply with the notice and a good and meritorious cause of action to avoid the sanction of dismissal (see, CPLR 3216 [e]; M.P.S. Mktg. Servs. v Champion Intl. Corp., 176 AD2d 250). Since the plaintiffs neither produced an affidavit attesting to the merits of their action nor proffered an excuse for the delay in complying with the notice, the defendant's motion to dismiss the complaint should have been granted. Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.