■ DANIELLE HAYDEN, Respondent, v ARNOLD JONES et al., Defendants, and HOYT MANUFACTURING CORPORATION, Appellant. [665 NYS2d 539] —In a negligence action to recover damages for personal injuries, the defendant Hoyt Manufacturing Corporation appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated September 17, 1996, which granted that branch of the plaintiff's motion which was for leave to file a note of issue and denied its cross motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, that branch of the plaintiff's motion which was for leave to file a note of issue is denied, the cross motion of the defendant

Hoyt Manufacturing Corporation is granted, the complaint is dismissed insofar as asserted against the defendant Hoyt Manufacturing Corporation, and the action against the remaining defendants is severed.

Having been served with a 90-day notice pursuant to CPLR 3216, it was incumbent upon the plaintiff to comply with the notice by filing a note of issue or by moving, before the default date, to either vacate the notice or extend the 90-day period (*see, Rubin v Baglio*, 234 AD2d 534; *Lopez v Pathmark Supermarket*, 229 AD2d 566; *Spierto v Pennisi*, 223 AD2d 537). The plaintiff failed to do so. Accordingly, to avoid dismissal, the plaintiff was required to demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice and the existence of a meritorious cause of action (*see, Papadopoulos v R.B. Supply Corp.*, 152 AD2d 552). The plaintiff failed to satisfy either requirement. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.