■ TU YING CHEN, Individually and as Administrator of the Estate of SHOU FONG CHEN, Deceased, Respondent, v MICHAEL NASH et al., Appellants. [698 NYS2d 511] —In an action, *inter alia,* to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), entered October 27, 1998, which granted their motion pursuant to CPLR 3216 (b) (3) to dismiss the complaint only on the condition that the plaintiff fail to serve and file a note of issue and certificate of readiness within 90 days following receipt of a copy of the order with notice of entry.

Ordered that the order is affirmed, with costs.

A party served with a 90-day notice pursuant to CPLR 3216 who fails to comply with the notice either by filing a note of issue or moving, before the default date, to vacate the notice or extend the 90-day period, must demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice and the existence of a meritorious cause of action (*see,* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503; *Allone v University Hosp.,* 249 AD2d 430; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552, 553). However, where the defendant either causes or affirmatively contributes to the delay in serving and filing the note of issue, the motion to dismiss should be denied without requiring the plaintiff to serve an affidavit of merit (*see, Schoenhals v Kissing Bridge Corp.,* 96 AD2d 711; *see also, Brown v Weissberg,* 22 AD2d 282). The defendants here affirmatively contributed to the delay in the filing of the note of issue, and thus the court properly conditioned the granting of the defendants' motion. O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.