■ CONSTANCE BIGGS, as Executor of LORRAINE BIGGS, Deceased, Appellant, v MARY IMMACULATE HOSPITAL, THE CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., et al., Respondents, et al., Defendants. [723 NYS2d 70] —In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Thomas, J.), dated May 24, 2000, which, in effect, granted the respective motions of the defendants Mary Immaculate Hospital, the Catholic Medical Center of Brooklyn and Queens, Inc., and Harshad Bhatt to dismiss the complaint insofar as asserted against them for failure to prosecute pursuant to CPLR 3216, and (2) a judgment of the same court, entered June 20, 2000, which dismissed the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In the instant medical malpractice action, three of the defendants—Mary Immaculate Hospital, the Catholic Medical Center of Brooklyn and Queens, Inc. (hereinafter the Hospital), Dr. Harshad Bhatt, and Dr. Jean Philippe—separately served the plaintiff with 90-day notices pursuant to CPLR 3216 in August 1999. The plaintiff timely moved to vacate those 90-day notices because of outstanding discovery. That motion was never decided. Instead, the motion was marked off the calendar. The Hospital and Dr. Bhatt then separately moved to dismiss the complaint insofar as asserted against them because the plaintiff had failed to comply with their respective 90-day notices. The Supreme Court granted the motions and dismissed the complaint insofar as asserted against those defendants. We reverse.

The law is well settled that "[t]o avoid being held in default, a plaintiff served with a 90-day notice must either comply with the notice by filing a note of issue, or moving, before the default date, to vacate the notice or to extend the 90-day period" (*Rubin v Baglio,* 234 AD2d 534; *see, Basso v Lessing's Inc.,* 274 AD2d 488; *Burke v Klein,* 269 AD2d 348). Here, where the plaintiff timely moved to vacate the 90-day notices, the Supreme Court erred in granting the motions to dismiss the complaint without first deciding the merits of the plaintiff's motion to vacate the 90-day notices. Therefore, we reverse the judgment, vacate the order, and remit the matter to the Supreme Court, Queens County, to decide the plaintiff's motion to vacate the 90-day notices on the merits. S. Miller, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.