■ CYNTHIA PHILOGENE, an Infant, by Her Mother and Natural Guardian, ISLANDE PHILOGENE, et al., Respondents, v DARNLEY PAYNE, Appellant, et al., Defendant. [724 NYS2d 351] —In an action to recover damages for personal injuries, etc., the defendant Darnley Payne appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered October 10, 2000, which denied her motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

To avoid a default after receipt of the 90-day notice pursuant to CPLR 3216, the plaintiffs were required to comply with the notice by timely filing a note of issue or by moving, before the expiration of the 90-day period, to either vacate the notice or extend the 90-day period (*see, Rubin v Baglio,* 234 AD2d 534; *Lopez v Pathmark Supermarket,* 229 AD2d 566). Having failed to comply, the plaintiffs, to avoid dismissal, were required to provide a justifiable excuse for the delay in properly responding to the 90-day notice and to demonstrate the existence of a meritorious action (*see, Hayden v Jones,* 244 AD2d 316).

Here, the plaintiffs demonstrated neither a justifiable excuse for their delay nor the existence of a meritorious action (*see, Tietz v Blatt,* 280 AD2d 469; *Gourdet v Hershfeld,* 277 AD2d 422). Accordingly, the Supreme Court erred in denying the appellant's motion to dismiss the complaint insofar as asserted against her. Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.