■ MARGUERITE M. RAFFA et al., Appellants, v DEBORAH D. COOK et al., Respondents. [735 NYS2d 398] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated February 26, 2001, which denied their motion purportedly pursuant to CPLR 3404 to restore the action to the trial calendar and granted the defendants' cross motion to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is affirmed, with costs.

The plaintiffs, having been served with a 90-day demand pursuant to CPLR 3216, were required to comply with the demand by filing a note of issue or by moving, before the default date, either to vacate the demand or to extend the 90-day period (*see, Hayden v Jones,* 244 AD2d 316, 317). The plaintiffs failed to file a note of issue within the time allotted. Thus, to avoid the sanction of dismissal, the plaintiffs were required to demonstrate a justifiable excuse for the delay in properly responding to the 90-day demand and a meritorious cause of action (*see, Hayden v Jones, supra; Gache v Incorporated Vil. of Freeport,* 202 AD2d 470). The plaintiffs failed to provide a justifiable excuse for the delay in complying with the 90-day demand and, further, failed to demonstrate a meritorious cause of action. Accordingly, the Supreme Court properly granted the defendants' cross motion to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute.

The plaintiffs' motion to restore the action was, therefore, properly denied. Moreover, since the case never reached the trial calendar, CPLR 3404 is not applicable (*see, Lopez v Imperial Delivery Serv.,* 282 AD2d 190, 199). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.