■ ELISA BROWN, Respondent, v WORLD FINANCIAL PROPERTIES, INC., Formerly Known as OLYMPIA AND YORK, INC., Appellant, et al., Defendants. [760 NYS2d 668] —In an action to recover damages for personal injuries, the defendant World Financial Properties, Inc., formerly known as Olympia and York, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated May 10,

2002, as only conditionally granted its motion to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted unconditionally, and the complaint is dismissed.

Having been served with a 90-day notice pursuant to CPLR 3216, the plaintiff should have complied with the notice by filing a note of issue or should have moved, before the default date, either to vacate the notice or extend the 90-day period (*see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Stuckey v Westchester County Dept. of Transp.*, 298 AD2d 577 [2002], *lv denied* 100 NY2d 502 [2003]; *Raffa v Cook*, 289 AD2d 385 [2001]; *Wechsler v First Unum Life Ins. Co.*, 295 AD2d 340 [2002]). The plaintiff failed to do so. Accordingly, to avoid dismissal, the plaintiff was required to demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice and the existence of a meritorious cause of action (*see Baczkowski v Collins Constr. Co.*, *supra* at 503; *Stuckey v Westchester County Dept. of Transp.*, *supra*). The plaintiff did not demonstrate a justifiable excuse, nor did she demonstrate a meritorious cause of action (*see Rubin v Baglio*, 234 AD2d 534 [1996]; *Longacre Corp. v Better Hosp. Equip. Corp.*, 228 AD2d 653 [1996]; *Aalbue v Flaherty*, 202 AD2d 381 [1994]). Therefore, the Supreme Court improperly relieved the plaintiff of her default. Ritter, J.P., Feuerstein, McGinity, Townes and Cozier, JJ., concur.