■ MICHAEL BRADY, Appellant, v BENENSON CAPITAL CO. et al., Respondents. (And a Third-Party Action.) [767 NYS2d 787]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated October 24, 2002, which granted the motion of the defendants Benenson Capital Co., Charles Benenson, and Robert H. Arnow to dismiss the complaint pursuant to CPLR 3216 insofar as asserted against them and the separate motion of the defendant Schindler Elevator Corporation for the same relief, and denied his cross-motion to compel further disclosure.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Where a party is served with a 90-day notice pursuant to CPLR 3216, it is incumbent upon that party to comply with the notice by filing a note of issue or by moving, before the default date, either to vacate the notice or extend the 90-day period (*see Hayden v Jones*, 244 AD2d 316 [1997]; *Rubin v Baglio*, 234 AD2d 534 [1996]; *Lopez v Pathmark Supermarket*, 229 AD2d 566 [1996]; *Spierto v Pennisi*, 223 AD2d 537 [1996]). Once the specified period has expired, the party wishing to avoid dismissal must demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice and the existence of a meritorious cause of action (*see* CPLR 3216 [e]; *Hayden v*

*Jones, supra; Turman v Amity OBG Assoc.,* 170 AD2d 668 [1991]; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552 [1989]). Here, the plaintiff failed to demonstrate either a justifiable excuse for the delay or the existence of a meritorious cause of action. Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.