■ KATINA, INC., et al., Appellants, v TOWN OF HEMPSTEAD et al., Respondents. [786 NYS2d 552]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (O'Connell, J.), entered January 27, 2003, which, upon an order of the same court dated October 2, 2002, granting the defendants' motion to dismiss the complaint pursuant to CPLR 3216, dismissed the complaint.

Ordered that the judgment is reversed, on the law and as a matter of discretion, with costs, the motion is denied, the complaint is reinstated, and the order is modified accordingly.

Where a party is served with a 90-day notice pursuant to CPLR 3216, it is incumbent upon that party to comply with the notice by filing a note of issue or by moving, before the expiration of the 90-day period, either to vacate the notice or extend the 90-day period (*see Brady v Benenson Capital Co.*, 2 AD3d 382 [2003]; *Hayden v Jones*, 244 AD2d 316, 317 [1997]; *Rubin v Baglio*, 234 AD2d 534 [1996]; *Lopez v Pathmark Supermarket*, 229 AD2d 566 [1996]). Once the specified period of time has expired, the party wishing to avoid dismissal must demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice and the existence of a meritorious cause of action (*see* CPLR 3216 [e]; *Brady v Benenson Capital Co., supra; Sturkey v Ramdas*, 307 AD2d 310 [2003]; *Hayden v Jones, supra*).

The plaintiffs proffered a reasonable excuse for their delay in

responding to the 90-day notice in that they were actively engaged in settlement negotiations with the defendants at the time that they were served with the 90-day notice and the subsequent motion to dismiss the complaint (*cf. Scarlett v Mc-Carthy,* 2 AD3d 623 [2003]; *Sortino v Fisher,* 20 AD2d 25, 29 [1963]). Additionally, the plaintiffs established the existence of a meritorious cause of action. Accordingly, the defendants' motion to dismiss the complaint should have been denied. Ritter, J.P., H. Miller, Schmidt, Crane and Skelos, JJ., concur.