■ ROBIN PISZCZATOWSKI, Respondent, v EDWARD E. HILL et al., Appellants, et al., Defendants. [940 NYS2d 283]—

In an action to recover damages for medical malpractice, the defendants Edward Hill, doing business as Edward E. Hill, M.D., P.C., Henry Reinhardt, and North Shore Long Island Jewish Health System, Inc., doing business as North Shore University Hospital at Glen Cove, appeal from an order of the Supreme Court, Nassau County (Adams, J.), dated May 17, 2011, which granted the plaintiff's motion pursuant to CPLR 5015 (a) to vacate the dismissal of the complaint and to restore the action to the pre-note of issue calendar.

Ordered that the order is affirmed, with costs.

Following the dismissal of the complaint pursuant to CPLR

3216, the plaintiff moved pursuant to CPLR 5015 (a) to vacate the dismissal of the complaint and to restore the action to the pre-note of issue calendar. The Supreme Court granted the plaintiff's motion.

To vacate the dismissal of the action, the plaintiff was required to demonstrate a reasonable excuse for her failure to timely file a note of issue in response to a valid 90-day notice contained in a certification order issued by the Supreme Court, as well as a potentially meritorious cause of action (*see* CPLR 5015 [a] [1]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]). The determination of a reasonable excuse lies within the Supreme Court's discretion (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]).

Under the particular circumstances of this case, the plaintiff demonstrated a reasonable excuse for her failure to timely file a note of issue based on law office failure (*see Di Simone v Good Samaritan Hosp.*, 100 NY2d 632, 633-634 [2003]; *Atterberry v Serlin & Serlin*, 85 AD3d 949 [2011]; *Lauri v Freeport Union Free School Dist.*, 78 AD3d 1130 [2010]). Furthermore, there is no evidence in the record of a pattern of persistent neglect and delay in prosecuting the action, or of any intent to abandon the action (*see Atterberry v Serlin & Serlin*, 85 AD3d at 950). Thus, the delay " 'was not willful or with intent to abandon the action,' " but rather was the result of isolated neglect on the part of the plaintiff's previous attorney (*Di Simone v Good Samaritan Hosp.*, 100 NY2d at 634, quoting *Carte v Segall*, 134 AD2d 397, 398 [1987]). In addition, the plaintiff's submissions were sufficient to demonstrate that she has a potentially meritorious medical malpractice cause of action (*see Di Simone v Good Samaritan Hosp.*, 100 NY2d at 634).

Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 5015 (a) to vacate the dismissal of the complaint pursuant to CPLR 3216 and to restore the action to the pre-note of issue calendar. Balkin, J.P., Belen, Hall and Miller, JJ., concur.