■ MISUN LEE, Appellant, v CYRUS K. RAD et al., Respondents. [17 NYS3d 489]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered October 16, 2014, as granted the separate motions of the defendants Cyrus K. Rad and Kayhan Sarab pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them for failure to prosecute.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs, and the separate motions of the defendants Cyrus K. Rad and Kayhan Sarab pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them are denied.

CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]) in that it "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383-384 [2004]; *see* CPLR 3216 [a], [e]; *Di Simone v Good Samaritan Hosp.*, 100 NY2d 632, 633 [2003]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 504-505 [1997]). When served with a 90-day demand pursuant to CPLR 3216, it is incumbent upon a plaintiff to comply with the demand by filing a note of issue or by moving, before the default date, either to vacate the demand or extend the 90-day period (*see Benitez v Mutual of Am. Life Ins. Co.*, 24 AD3d 708 [2005]; *Bokhari v Home Depot U.S.A.*, 4 AD3d 381 [2004]; *Brown v World Fin. Props.*, 306 AD2d 303, 304 [2003]). In general, if a plaintiff fails to comply with the demand, to avoid the sanction of dismissal, the plaintiff is required to demonstrate a justifiable excuse for the delay and the existence of a potentially meritorious cause of action (*see* CPLR 3216 [e]; *Picot v City of New York*, 50 AD3d 757 [2008]; *Serby v*

*Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]; *Estate of Hamilton v Nassau Suffolk Home Health Care*, 1 AD3d 474 [2003]).

Here, although the plaintiff did not file a note of issue within the 90-day demand period, her conduct negated any inference that she intended to abandon the action (*see Davis v Goodsell*, 6 AD3d at 384). In opposition to the defendants' separate motions, the plaintiff promptly cross-moved to strike the answer of the defendant Kayhan Sarab for his willful failure to appear for a court-ordered deposition. The plaintiff established that, due to an unresolved discovery dispute, she was unable to timely file a note of issue (*see Altman v Donnenfeld*, 119 AD3d 828 [2014]; *Klein v MTA-Long Is. Bus*, 61 AD3d 722, 723 [2009]; *Lubov v Welikson*, 36 AD3d 673, 674 [2007]; *Betty v City of New York*, 12 AD3d 472, 473 [2004]; *Davis v Goodsell*, 6 AD3d 382 [2004]). Furthermore, since Sarab contributed to the plaintiff's inability to file a timely note of issue in the proper form, the plaintiff was not required to demonstrate a potentially meritorious cause of action (*see Lubov v Welikson*, 36 AD3d at 674; *Tu Ying Chen v Nash*, 266 AD2d 279 [1999]; *Matter of Simmons v McSimmons, Inc.*, 261 AD2d 547, 548 [1999]). Accordingly, the defendants' separate motions to dismiss the complaint insofar as asserted against each of them should have been denied. Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.