Wells Fargo Bank, N.A. v Wilson (2019 NY Slip Op 07110)





Wells Fargo Bank, N.A. v Wilson


2019 NY Slip Op 07110


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-06010
 (Index No. 32015/09)

[*1]Wells Fargo Bank, N.A., etc., appellant, 
v
Kevin Wilson, etc., respondent, et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Allison J. Sanders and Louis A. Levithan of counsel), for appellant.
Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 4, 2017. The order, insofar as appealed from, granted the motion of the defendant Kevin Wilson pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him and denied, as academic, those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Kevin Wilson to dismiss the complaint insofar as asserted against him is denied, and those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Kevin Wilson and for an order of reference are granted.
On December 16, 2009, the plaintiff commenced this mortgage foreclosure action against the defendant Kevin Wilson (hereinafter the defendant), among others. On January 25, 2010, the defendant, pro se, filed an answer to the complaint. In 2013 and 2014, a series of court-mandated settlement conferences were held pursuant to CPLR 3408. The action was released from the foreclosure settlement part on October 3, 2014. Nonetheless, the plaintiff appeared at several additional court conferences over the following months before the subsequent assigned Justice, and the defendant submitted several applications for a loan modification.
The defendant, pro se, filed what he labeled as a "Cease/Stop Foreclosure Action" notice dated May 14, 2015, which requested that the plaintiff cease prosecuting the foreclosure action and instead review the defendant's loan modification application. The defendant thereafter retained counsel who, on July 9, 2015, filed a notice and demand for the plaintiff to resume prosecution of the action and to serve a note of issue within 90 days pursuant to CPLR 3216 (hereinafter the 90-day demand). The plaintiff did not file a note of issue within 90 days or move for additional time to file a note of issue or to vacate the 90-day demand. However, the parties continued to appear for court conferences before the assigned Justice in an attempt to resolve the foreclosure. On August 6, 2015, the Supreme Court directed the defendant to submit a new loan modification application to the plaintiff, which he apparently did. However, on March 21, 2016, the [*2]plaintiff denied the defendant's application as incomplete.
In July 2016, the defendant moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for neglect to prosecute the action. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. By an order dated May 4, 2017, a different Justice of the Supreme Court granted the defendant's motion and denied the plaintiff's cross motion as academic. The plaintiff appeals, and we reverse.
"It has been said that CPLR 3216 is extremely forgiving, in that it never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (Angamarca v 47-51 Bridge St. Prop., LLC, 167 AD3d 559, 559 [citations and internal quotation marks omitted]).
Under the unique facts of this case, dismissal was not warranted under CPLR 3216. The plaintiff demonstrated a reasonable excuse for its delay by providing evidence that, notwithstanding the fact that the action had been released from the foreclosure settlement part, the parties continued to engage in settlement negotiations and the defendant had submitted multiple loan modification applications for the plaintiff's review with the trial Justice's knowledge and direction (see Katina, Inc. v Town of Hempstead, 13 AD3d 343, 343-344). Moreover, the defendant had requested in writing that the plaintiff cease prosecuting the action shortly before the defendant's newly obtained counsel issued the 90-day demand. Furthermore, there was no evidence of a pattern of persistent neglect or delay in prosecuting the action, or an intent to abandon the action (see Angamarca v 47-51 Bridge St. Prop., LLC, 167 AD3d at 559-560; Altman v Donnenfeld, 119 AD3d 828, 829).
The plaintiff demonstrated that it had a potentially meritorious cause of action and established, prima facie, that it was entitled to judgment on the complaint insofar as asserted against the defendant as a matter of law by submitting the note, the mortgage, and evidence of the defendant's default (see Wells Fargo Bank, N.A. v Zucker, 169 AD3d 856, 858; Citimortgage, Inc. v Guillermo, 143 AD3d 852). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have denied the defendant's motion and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court