Colucci v Gardiners Props. (2020 NY Slip Op 05719)





Colucci v Gardiners Props.


2020 NY Slip Op 05719


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-11315
 (Index No. 4418/16)

[*1]Josephine Colucci, appellant,
v
Gardiners Properties, et al., respondents.


Dinerman Bergam & Dinerman, LLP, New York, NY (Arnold DiJoseph, P.C. [Arnold E. DiJoseph III], of counsel), for appellant.
Litchfield Cavo, LLP, New York, NY (Lyndsey C. Bechtel of counsel), for respondents Gardiners Properties, Gardiners Properties, LLC., PK Properties Corp., and Gardiners Property Holdings, LLC.
Miranda Slone Sklarin Vervoniotis LLP, Mineola, NY (Michael Miranda of counsel), for respondents Jazzercise, Inc., sued herein as Levittown Jazzercise, also known as Jazzercise, and Kathleen Abriola.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (George R. Peck, J.), dated June 15, 2018. The order and judgment, upon an order of the same court dated April 25, 2018, denying the plaintiff's motion to vacate an order of the same court dated November 13, 2017, which, sua sponte, directed dismissal of the complaint for failure to timely file a note of issue, also denied the plaintiff's motion to vacate the order dated November 13, 2017, and dismissed the complaint.
ORDERED that the order and judgment is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was to vacate so much of the order dated November 13, 2017, as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Gardiners Properties, Gardiners Properties, LLC, PK Properties Corp., and Gardiners Properties Holdings, LLC, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof dismissing the complaint insofar as asserted against those defendants; as so modified, the order and judgment is affirmed, with one bill of costs to the defendants Jazzercise, Inc., sued herein as Levittown Jazzercise, also known as Jazzercise, and Kathleen Abriola, payable by the plaintiff, and the order dated April 25, 2018, is modified accordingly.
This is a personal injury action arising out of the plaintiff's fall in the parking lot of property allegedly owned and managed by the defendants Gardiners Properties, Gardiners Properties, LLC, PK Properties Corp., and Gardiners Properties Holdings, LLC (hereinafter collectively the Gardiners defendants). The plaintiff alleges that she fell when she stepped into a pothole in an inadequately lit parking lot. In addition to the Gardiners defendants, the plaintiff commenced this action against the Gardiner defendants' tenant at the premises, Jazzercise, Inc., sued herein as Levittown Jazzercise, also known as Jazzercise (hereinafter Jazzercise), and the owner of Jazzercise, [*2]Kathleen Abriola.
In a certification order dated July 13, 2017, the plaintiff was directed to file a note of issue within 90 days, and advised that if she did not, the action may be dismissed pursuant to CPLR 3216. The plaintiff failed to timely file the note of issue, and by order dated November 13, 2017, the Supreme Court, sua sponte, directed dismissal of the complaint. In March 2018, the plaintiff moved to vacate the order dated November 13, 2017. The court denied the plaintiff's motion in an order dated April 25, 2018. An order and judgment dated June 15, 2018, also denied the plaintiff's motion, and dismissed the complaint. The plaintiff appeals.
The certification order of the Supreme Court dated July 13, 2017, directing the plaintiff to file a note of issue within 90 days, and warning that the action may be dismissed pursuant to CPLR 3216 if the plaintiff failed to comply with that directive, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (see Petersen v Lysaght, Lysaght & Kramer, P.C., 47 AD3d 783). To vacate the order dated November 13, 2017, which, sua sponte, directed dismissal of the complaint, the plaintiff was required to demonstrate a reasonable excuse for the failure to timely file the note of issue as directed, and the existence of a potentially meritorious cause of action (see CPLR 3216[e]; Levy v Berman Motorcars, 163 AD3d 645, 646). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court" (Levy v Berman Motorcars, 163 AD3d at 646; see Glukhman v Bay 49th St. Condominium, LLC, 100 AD3d 594). In exercising that discretion, the court may accept law office failure as an excuse (see Glukhman v Bay 49th St. Condominium, LLC, 100 AD3d at 595).
Under the circumstances of this case, the plaintiff demonstrated a reasonable excuse for her failure to timely file a note of issue based on law office failure (see King v Dobriner, 106 AD3d 1053; Piszczatowski v Hill, 93 AD3d 707, 708). Furthermore, there is no evidence in the record that the plaintiff had a pattern of persistent neglect or delay in prosecuting the action, or of any intent to abandon the action (see Piszczatowski v Hill, 93 AD3d at 708; Atterberry v Serlin & Serlin, 85 AD3d 949). Accordingly, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to vacate on the basis that she failed to proffer a reasonable excuse for failing to timely file the note of issue.
The plaintiff demonstrated a potentially meritorious cause of action against the Gardiners defendants (see Levy v Berman Motorcars, 163 AD3d at 646). However, the plaintiff failed to establish that she had a potentially meritorious cause of action against Jazzercise and Abriola (see Arshinov v GR 10-40, LLC, 176 AD3d 1019; Hernandez v Dunkin Brands Acquisition, Inc., 136 AD3d 980). Therefore, the Supreme Court should have granted that branch of the plaintiff's motion which was to vacate so much of the order dated November 13, 2017, as directed dismissal of the complaint insofar as asserted against the Gardiners defendants, and denied that branch of the motion which was to vacate so much of the order dated November 13, 2017, as directed dismissal of the complaint insofar as asserted against Jazzercise and Abriola.
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court