Duvernoy v CNY Fertility, PLLC (2022 NY Slip Op 01084)





Duvernoy v CNY Fertility, PLLC


2022 NY Slip Op 01084


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

532992
[*1]Misha M. Duvernoy, Formerly Known as Misha Mugits, Appellant,
v
CNY Fertility, PLLC, Respondent.

Calendar Date:January 12, 2022

Before:Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ.

Brennan & White, LLP, Queensbury (Joseph R. Brennan of counsel), for appellant.
Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Christopher F. DeFrancesco of counsel), for respondent.



Lynch, J.P.
Appeal from an order of the Supreme Court (Muller, J.), entered June 19, 2020 in Washington County, which granted defendant's motion to dismiss the complaint for failure to prosecute.
In April 2015, plaintiff commenced this medical malpractice action against defendant following a fertility procedure performed in October 2012. Issue was joined in September 2015, at which time defendant served a demand for a bill of particulars, various discovery demands and a notice to depose plaintiff "on a mutually agreed upon date and time." In May 2017, with no responses forthcoming, defendant served plaintiff with a 90-day demand to file a note of issue pursuant to CPLR 3216. Thereafter, counsel for the parties spoke by phone and plaintiff responded with a verified bill of particulars, as well as discovery responses dated July 7, 2017. By letter dated July 19, 2017, plaintiff's attorney served defendant with a cross notice to depose a representative of defendant on August 7, 2017, explaining that he had endeavored, without success, to contact defendant's attorney by phone to schedule the deposition in view of the 90-day notice. Plaintiff's attorney also enclosed medical authorizations allowing defendant to procure plaintiff's medical records. The record shows that the deposition was canceled at the request of defendant's attorney due to a family medical issue and without any proposed future date for the deposition. By letter dated July 28, 2017, plaintiff's attorney sent defendant's attorney a "proposed stipulation for the issuance of a [s]cheduling [o]rder," with a schedule to complete depositions by October 6, 2017 and file a note of issue by December 1, 2017. Defendant's attorney did not respond to this proposal nor seek to reschedule the August 7, 2017 deposition. No further communications occurred between the parties until August 2019, when defendant filed a motion to dismiss the complaint pursuant to CPLR 3216 due to plaintiff's failure to file the note of issue. Supreme Court granted the motion over plaintiff's opposition. Plaintiff appeals.
Where a party fails to comply with a 90-day demand to file a note of issue, a court may dismiss the complaint for want of prosecution unless the "party shows justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216 [e]; see Di Simone v Good Samaritan Hosp., 100 NY2d 632, 633 [2003]). Notably, the Court of Appeals has repeatedly observed that CPLR 3216 "is extremely forgiving of litigation delay" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]; accord Di Simone v Good Samaritan Hosp., 100 NY2d at 633). With that standard in mind, we conclude that, under the circumstances presented in this case, Supreme Court abused its discretion in granting defendant's motion.
There is no dispute that defendant was entitled to serve plaintiff with the 90-day demand as more than a year had elapsed since issue was joined and plaintiff had not responded to defendant's discovery [*2]demands (see CPLR 3216 [b]). The more difficult question is whether plaintiff should be precluded from litigating the case. The sequence outlined above shows that plaintiff promptly provided a bill of particulars and a discovery response after receiving the 90-day demand. Notably, the bill of particulars detailed the specific claims of malpractice and the discovery response identified plaintiff's expert medical witness, stating that his opinions would be based on the medical records attached as an exhibit. Defendant raised no objections as to the adequacy of the responsive documents. In addition to accommodating defendant's adjournment request, plaintiff's counsel outlined a reasoned sequence to complete party depositions and file a note of issue. The operative point is that defendant's counsel failed to respond in any fashion.
In his affidavit, plaintiff's attorney explained that it was his understanding from the phone conversation with defendant's attorney that the 90-day demand had been served to prompt an appropriate discovery response and "that dismissal would not be sought on the basis of the 90-day demand" once the discovery documents were provided. In his responding affidavit, defendant's attorney asserted that no such promise was made, but acknowledged that "it would have been [his] custom and practice to agree to move forward with discovery and[,] if necessary, provide [p]laintiff an extension of time beyond 90 days to complete discovery if [p]laintiff diligently moved forward with discovery in good faith." It is evident that plaintiff endeavored to do so through the July 2017 correspondence, which, even under defendant's attorney's understanding of the phone conversation, would effect an extension to comply. Thereafter, throughout the year preceding defendant's motion to dismiss, plaintiff's attorney had serious health issues.
The filing of a note of issue must include a certificate of readiness representing that all necessary discovery has been completed (see 22 NYCRR 202.21; David D. Siegel & Patrick M. Connors, NY Prac § 375 at 722 [6th ed 2018]). The depositions of the parties remain to be completed, a status that can be partly attributed to the silence of defendant's counsel. A party that fails to cooperate in completing discovery should not be entitled to rely on CPLR 3216 for relief (see David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:27, at 634 ["If the plaintiff tried to take the defendant's deposition within the 90-day period and was prevented from doing so by the defendant's resistance, that alone should deprive the defendant of any contention that the plaintiff breached (his or) her obligation to file within the 90-day period. . . . Any lack of cooperation by the defendant
. . . should be held to deprive him (or her) of the right to rely on CPLR 3216"]; see also Coleman v Baker/Mellon Stuart Constr., 286 AD2d 924, 925 [2001]; Schoenhals v Kissing Bridge Corp., 96 AD2d [*3]711, 711 [1983]; compare Mason v Simmons, 139 AD2d 880, 881 [1988]). Under the circumstances described, including the significant health issues that impeded plaintiff's counsel from progressing the case, we conclude that defendant's reticence precludes CPLR 3216 relief in its favor. We are mindful that plaintiff failed to submit an affidavit of merit by a medical expert as is typically required to satisfy CPLR 3216 (e) (see Matthews v Chaudhri, 187 AD3d 1474, 1476 [2020]). That requirement, however, does not pertain where, as here, there was at least an implicit understanding that an extension had been agreed to and defendant's own failure to cooperate undermined the process (see Lee v Rad, 132 AD3d 643, 644 [2015]; Coleman v Baker/Mellon Stuart Constr., 286 AD2d at 925; Schoenhals v Kissing Bridge Corp., 96 AD2d at 711).
Finally, a brief discussion is warranted to address Supreme Court's alternative ruling that plaintiff's failure to file a certificate of merit "appears to provide an alternative basis upon which to dismiss the complaint." Pursuant to CPLR 3012-a, the complaint in an action for medical malpractice must be accompanied by a certificate executed by the plaintiff's attorney confirming that the attorney has consulted with a physician "who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action" (CPLR 3012-a [a] [1]). Here, plaintiff's attorney filed an alternative certificate with the complaint that he was unable to timely procure the required consultation in view of the impending statute of limitations in accord with CPLR 3012-a (a) (2). In such an instance, the certificate of merit must be filed within 90 days of commencement, a deadline that plaintiff did not meet (see CPLR 3012-a [a] [2]). The mere failure to meet that deadline, however, does not require a dismissal of the action (see Calcagno v Orthopedic Assoc. of Dutchess County, P.C., 148 AD3d 1279, 1281 [2017]). As noted above, plaintiff expressly identified his medical expert in the July 2017 discovery response. In his opposing affidavit, plaintiff's counsel explained that the failure to file the certificate of merit was an oversight, i.e., basic law office failure, and further affirmed that he duly consulted with the physician in accord with the requirements of CPLR 3012-a (a) (1). In any event, plaintiff did not formally move for leave to file a late certificate of merit and, therefore, whether plaintiff established good cause under CPLR 2004 for such leave is not at issue (compare Horn v Boyle, 260 AD2d 76, 78-79 [1999], lv denied 94 NY2d 762 [2000]). As such, we find no basis to dismiss the complaint based on the certificate of merit issue.
Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and [*4]motion denied.