Zavala-Vanegas v Ross (2023 NY Slip Op 04233)

Zavala-Vanegas v Ross

2023 NY Slip Op 04233

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-07289
 (Index No. 611577/17)

[*1]Elizabeth Zavala-Vanegas, respondent, 
v
Michelle Ross, et al., appellants.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered June 18, 2021. The order, insofar as appealed from, denied the defendants' motion, inter alia, pursuant to CPLR 3216 to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On October 10, 2016, the plaintiff allegedly was injured when her vehicle was involved in an accident with a vehicle operated by the defendant Breanna Ross and owned by the defendant Michelle Ross. In or about October 2017, the plaintiff commenced this action to recover damages for personal injuries. Thereafter, the defendants moved, inter alia, pursuant to CPLR 3216 to dismiss the complaint on the ground that the plaintiff failed to timely file a note of issue in response to a certification order directing her to file a note of issue within 90 days. In an order entered June 18, 2021, the Supreme Court denied the defendants' motion. The defendants appeal.
"CPLR 3216 is an 'extremely forgiving' statute which 'never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed'" (U.S. Bank N.A. v Hadar, 206 AD3d 688, 689-690, quoting Davis v Goodsell, 6 AD3d 382, 383; see Di Simone v Good Samaritan Hosp., 100 NY2d 632, 633). Under the circumstances of this case, including the plaintiff's filing of the note of issue on March 30, 2021, less than one week after the Supreme Court extended the time to serve the note of issue until June 16, 2021, and the absence of any evidence of a pattern of persistent neglect or delay in prosecuting the action, or an intent to abandon the action, the court providently exercised its discretion in denying [*2]the defendants' motion, inter alia, pursuant to CPLR 3216 to dismiss the complaint (see Angamarca v 47-51 Bridge St. Prop., LLC, 167 AD3d 559; Vera v New York El. & Elec. Corp., 150 AD3d 927, 927-928).
The defendants' remaining contentions are without merit.
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court