Holness v Gigglesworld Corp. (2024 NY Slip Op 06031)

Holness v Gigglesworld Corp.

2024 NY Slip Op 06031

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-01991
2024-12118
 (Index No. 6654/18)

[*1]Michael Holness, et al., appellants, 
v
Gigglesworld Corporation, etc., respondent.

Marin Goodman LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellants.
Murphy & Lambiase, Goshen, NY (George Smith of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated January 12, 2023, and (2) a judgment of the same court dated January 23, 2023. The order granted the defendant's motion pursuant to CPLR 3216 to dismiss the complaint and denied the plaintiffs' cross-motion to vacate the stay of the action and to schedule a preliminary conference. The judgment, upon the order, is in favor of the defendant and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, the defendant's motion pursuant to CPLR 3216 to dismiss the complaint is denied, the complaint is reinstated, and the order dated January 12, 2023, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In June 2018, the plaintiffs commenced this action against the defendant, and in July 2018, the defendant interposed an answer. In January 2019, the action was stayed pending conclusion of a related action in federal court (see CPLR 2201, 3211[a][4]). The federal court action was terminated pursuant to a settlement agreement in January 2022.
On April 7, 2022, the defendant served a 90-day notice pursuant to CPLR 3216 demanding that the plaintiffs resume prosecution of this action. In July 2022, the defendant moved pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. In August 2022, the plaintiffs opposed the motion and cross-moved to vacate the stay of the action, which they argued was still in effect, and to schedule a preliminary conference. In an order dated January 12, 2023, the [*2]Supreme Court granted the defendant's motion and denied the plaintiffs' cross-motion. On January 23, 2023, the court issued a judgment upon the order dismissing the complaint. The plaintiffs appeal.
"Where a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or upon motion, with notice to the parties, may dismiss the party's pleading" (id. § 3216[a]). However, "[a] court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismiss are met" (Central Mtge. Co. v Ango, 203 AD3d 692, 693 [internal quotation marks omitted]). Those statutory preconditions include the following: "at least one year has elapsed since joinder of issue; defendant has served on plaintiff a written demand to serve and file a note of issue within 90 days; and plaintiff has failed to serve and file a note of issue within the 90-day period" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 503, citing CPLR 3216[b]) or otherwise failed to "mov[e], before the default date, either to vacate the demand or to extend the 90-day demand period" (Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d 1037, 1038).
"CPLR 3216 is an extremely forgiving statute which never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (Zavala-Vanegas v Ross, 219 AD3d 673, 674 [internal quotation marks omitted]). In opposition to a motion to dismiss pursuant to CPLR 3216, a plaintiff may still avoid dismissal if he or she demonstrates "a justifiable excuse for the failure to timely abide by the 90-day demand, as well as the existence of a potentially meritorious cause of action" (Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d at 1038; see CPLR 3216[e]). "Thus, even when all of the statutory preconditions are met, including plaintiff's failure to comply with the 90-day requirement, plaintiff has yet another opportunity to salvage the action simply by opposing the motion to dismiss with a justifiable excuse" and proof of a potentially meritorious cause of action (Baczkowski v Collins Constr. Co., 89 NY2d at 503; see Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d at 1038).
Here, the plaintiffs' belief that the action remained stayed in the absence of some affirmative act by the Supreme Court, although erroneous, constituted a justifiable excuse under the circumstances for their failure to respond to the defendant's 90-day notice. Notably, the 90-day notice was sent only three months after the stay had been lifted, and the record does not otherwise contain evidence of a pattern of persistent neglect or delay in prosecuting the action or an intent to abandon the action (see Zavala-Vanegas v Ross, 219 AD3d at 674; Colucci v Gardiners Props., 187 AD3d 844, 846). Furthermore, the plaintiffs established the existence of a potentially meritorious cause of action sounding in strict products liability (see generally Speller v Sears, Roebuck & Co., 100 NY2d 38, 41; Tyminskyy v Sand Man Bldg. Materials, Inc., 168 AD3d 1118, 1119). Accordingly, the court improvidently exercised its discretion in granting the defendant's motion pursuant to CPLR 3216 to dismiss the complaint (see Colucci v Gardiners Props., 187 AD3d at 846).
The parties' remaining contentions are either not properly before this Court or without merit.
IANNACCI, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court