Grayson v Brant Lake Camp, Inc. (2025 NY Slip Op 03999)

Grayson v Brant Lake Camp, Inc.

2025 NY Slip Op 03999

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2024-02257
 (Index No. 510656/20)

[*1]Peter Grayson, respondent,
v
Brant Lake Camp, Inc., appellant.

Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Dean L. Pillarella of counsel), for appellant.
Hach Rose Schirripa & Cheverie LLP, New York, NY (Hillary M. Nappi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant appeals from an order of the Supreme Court, Kings County (Sabrina B. Kraus, J.), dated March 14, 2024. The order denied the defendant's motion for summary judgment dismissing the complaint, denied the defendant's separate motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute, and granted the plaintiff's cross-motion to compel discovery.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g), inter alia, to recover damages for negligence. According to the plaintiff, on one occasion in the early 1980s, he was sexually abused by two unidentified counselors while attending a summer camp operated by the defendant. The parties entered into a preliminary conference stipulation and order governing discovery. During a deposition of the defendant's representative, the plaintiff made several demands for documents that the representative referenced in his testimony. Approximately six months after that deposition, the defendant served the plaintiff with a 90-day demand to resume prosecution of the action and to file a note of issue. The plaintiff, believing that discovery was still ongoing, sent a written demand for the documents that had been orally demanded during the deposition of the defendant's representative, among other things. The defendant maintained that discovery had concluded, and moved for summary judgment dismissing the complaint. The plaintiff opposed the motion and cross-moved to compel discovery. Thereafter, while its motion for summary judgment was pending, the defendant moved pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute, arguing that the plaintiff had failed to timely file a note of issue. In an order dated March 14, 2024, the Supreme Court denied the defendant's separate motions and granted the plaintiff's cross-motion. The defendant appeals.
"[A]n entity to whom the custody of a child is entrusted has a duty to adequately supervise children in its charge and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Sallustio v Southern Westchester Bd. of Coop. Educ. Servs., 235 AD3d 680, 681 [internal quotation marks omitted]; see Mirand v City of New York, 84 NY2d 44, 49). "The standard for determining whether [an entity] has breached its duty is to compare the [*2][entity's] supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d 722, 723; see David v County of Suffolk, 1 NY3d 525, 526; Stanton v Longwood Cent. Sch. Dist., 233 AD3d 1010, 1014).
Here, the defendant's submissions failed to eliminate triable issues of fact as to whether it was negligent to permit the plaintiff, who was approximately 10 years old at the time of the alleged incident, to shower with older counselors, whether the defendant typically permitted counselors and campers to shower together, or whether the defendant had any formal shower policies in place during the relevant period (see Bell v Board of Educ. of City of N.Y., 90 NY2d 944; Volkel v Smithtown Gospel Tabernacle, 231 AD3d 1088, 1089; J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d at 724). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court also properly denied the defendant's motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. "CPLR 3216 is an extremely forgiving statute which never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (Zavala-Vanegas v Ross, 219 AD3d 673, 674 [internal quotation marks omitted]; see HSBC Mtge. Corp. USA v Tehrani, 229 AD3d 772, 775). Under the circumstances of this case, including the plaintiff's filing of a prompt cross-motion to compel discovery, the defendant's conduct, and the absence of any evidence of a pattern of persistent neglect or delay in prosecuting the action, the court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 3216 to dismiss the complaint (see Duvernoy v CNY Fertility, PLLC, 202 AD3d 1342, 1344-1345; Angamarca v 47-51 Bridge St. Prop., LLC, 167 AD3d 559, 559; Lee v Rad, 132 AD3d 643, 644).
Additionally, the Supreme Court providently exercised its discretion in granting the plaintiff's cross-motion to compel discovery. "Pursuant to CPLR 3101(a), parties are entitled to disclosure of all matter material and necessary to prosecution of the action" (Holloway v Orthodox Church in Am., 232 AD3d 773, 774 [alteration and internal quotation marks omitted]; see Gentile v Ogden, 208 AD3d 855, 856). "Any matter which may lead to the discovery of admissible proof is discoverable, as is any matter which bears upon a defense, even if the facts themselves are not admissible" (Holloway v Orthodox Church in Am., 232 AD3d at 774 [alteration and internal quotation marks omitted]; see Madigan v Berkeley Capital, LLC, 205 AD3d 900, 904). "The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court" (C.B. v New York City Tr. Auth., 219 AD3d 1397, 1399 [internal quotation marks omitted]; see Smith-Percival v MTA Bus Co., 232 AD3d 928, 929). Here, the plaintiff demonstrated that discovery of the requested documents was material and necessary to the prosecution of this action (see CPLR 3101[a]; Holloway v Orthodox Church in Am., 232 AD3d at 774; Harmon v Diocese of Albany, 204 AD3d 1270; Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d 811, 814-815).
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court