Williams v Ibrahim (2025 NY Slip Op 04813)

Williams v Ibrahim

2025 NY Slip Op 04813

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-07072
 (Index No. 504084/15)

[*1]Chantel Williams, respondent, 
v
Jamil Ibrahim, etc., appellant, et al., defendant.

Rawle & Henderson LLP, New York, NY (Michael H. Zhu and Brett Kanter of counsel), for appellant.
Law Office of Bryan J. Swerling, P.C., New York, NY (Ripal J. Gajjar of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for battery, the defendant Jamil Ibrahim appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated May 5, 2023. The order, insofar as appealed from, denied that branch of that defendant's cross-motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute.
ORDERED that the order is affirmed insofar as appealed from, with costs.
"Where, as here, a plaintiff has been served with a 90-day demand pursuant to CPLR 3216(b)(3), that plaintiff must comply with the demand by filing a note of issue or by moving, before the default date, either to vacate the demand or to extend the 90-day period" (Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d 760, 760). Pursuant to CPLR 3216, a plaintiff, in response to the 90-day demand, is required to file a note of issue or move to extend the 90-day period (see Lee v Rad, 132 AD3d 643, 643). "In general, if a plaintiff fails to comply with the demand, to avoid the sanction of dismissal, the plaintiff is required to demonstrate a justifiable excuse for the delay and the existence of a potentially meritorious cause of action" (id.). However, CPLR 3216 is "extremely forgiving," and, "[w]hile the statute prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for his or her delay, and a meritorious cause of action[,] such a dual showing is not strictly necessary in order for the plaintiff to escape such a dismissal" (Davis v Goodsell, 6 AD3d 382, 383-384 [citations and internal quotation marks omitted]).
Here, in response to the 90-day demand of the defendant Jamil Ibrahim (hereinafter the defendant), the plaintiff failed to timely file a note of issue or move to extend the 90-day period. However, "the pendency of the plaintiff's timely motion to compel discovery from the defendant negated any inference that the plaintiff intended to abandon her action, and the defendant's resistance to the discovery sought in that ultimately successful motion affirmatively contributed to the delay in completing discovery" (id. at 383-384 [citation and internal quotation marks omitted]; see Altman v Donnenfeld, 119 AD3d 828, 829). Moreover, the plaintiff established that due to an unresolved discovery dispute, she was unable to timely file a note of issue (see Lee v Rad, 132 AD3d at 644). [*2]Since the defendant contributed to the plaintiff's inability to file a timely note of issue in the proper form, the plaintiff was not required to demonstrate a potentially meritorious cause of action (see id.; Lubov v Welikson, 36 AD3d 673, 674). Under these circumstances, the Supreme Court properly denied that branch of the defendant's cross-motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute.
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court